(103 So. 99)

### MADDOX v. STATE. (6 Div. 632.)

(Court of Appeals of Alabama. Feb. 17, 1925.)

**1. Criminal law 776(1) — Refusal of requested charge that jury might consider proof of defendant's good character as justifying acquittal held error.**

Where state's only witness was implicated in the commission of the felony charged, a requested instruction that proof of defendant's good character might authorize a verdict of acquittal *held* improperly refused.

**2. Criminal law 814(12)—Charge that proof of good character may authorize acquittal is not abstract.**

A charge that defendant's proof of good character may authorize acquittal when considered with the other testimony is not abstract.

**3. Criminal law 813, 829(1), 830—Abstract or incorrect charges or those covered by charges given are properly refused.**

Requested instructions which do not state correct propositions of law or which are abstract or which are covered by instructions given are properly refused.

---

Appeal from Circuit Court, Marion County; R. L. Blanton, Judge.

Boyd Maddox was convicted of distilling, and he appeals. Reversed and remanded.

W. F. Finch, of Jasper, and E. B. Fite, of Hamilton, for appellant.

Charge A, requested by defendant, was correct and should have been given. Taylor v. State, 149 Ala. 32, 42 So. 996; Watts v. State, 177 Ala. 24, 59 So. 270.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Charge A was correctly refused.

RICE, J. The defendant was convicted of the offense of distilling. The case-made for the state rested upon the testimony of a single witness, Marvin Franks. Defendant introduced evidence of his good character, as was his right.

[1, 2] The following written charge was requested by and refused to, the defendant:

(A) "Proof of good character, if proved to your reasonable satisfaction, may be sufficient to authorize you to acquit defendant, when taken in connection with all the other testimony."

Charges similar in principle and substance to the above have been approved by the Supreme Court of Alabama in the cases of Taylor v. State, 149 Ala. 32, 42 So. 996, and Watts v. State, 177 Ala. 24, 59 So. 270.

The charge quoted was not abstract, states a correct proposition of law, was not covered by other written charges given at defendant's request, nor the oral charge of the court, and its refusal was erroneous. The defendant being on trial for a felony, and the testimony against him consisting in the main, if not altogether, of that of one witness, who, if not shown to be an accomplice was shown to be an apparent sympathizer with the offense being testified about, and all of this witness' testimony being denied and disputed by the defendant, and several other witnesses, it was of the highest importance to the defendant that the jury be instructed as to the consideration it should give to the evidence of defendant's good character. The refusal of the charge mentioned must work a reversal of the case.

[3] The other charges refused to the defendant have been examined, and in each instance we find the same either abstract, does not state a correct proposition of law, covered by the other written charges given, or the oral charge of the court, or its refusal not injurious error. Likewise, an examination of the exceptions reserved to the rulings of the trial court upon the admission or rejection of testimony does not reveal error prejudicial to the rights of the defendant in any of same.

For the error pointed out, let the case be reversed.

Reversed and remanded.