# Goldsmith v. State.

*Indictment for Murder.*

1.  *Evidence of charcter; when inadmissible.*—On a trial under an indictment for murder, evidence of the dangerous character of a person with whom defendant was quarrelling at the time the deceased interfered and was killed, is inadmissible; and such evidence is not competent as tending to justify the defendant in promptly taking the life of deceased when there is not the slightest tendency of

evidence to show that the defendant, in slaying the deceased, acted under any apprehension of danger from the person with whom he was quarrelling.

2. *Evidence of good character; charge in reference thereto* —In a criminal case, evidence of good character may be sufficient to generate a doubt, but only when considered in connection with the other evidence in the cause; and a charge which instructs the jury "that good character, if proved, may sometimes have the effect to generate such a doubt as would authorize an acquittal, even when the jury would otherwise have entertained no doubt; and whether such proof is to have such effect, in any case, is a matter entirely for the jury," is properly refused, as giving undue prominence to the evidence of good character.

3. *Same; same.*—Charges that the jury may look to the character of the defendant, when proved, "as independent testimony to generate such a doubt as would authorize an acquittal, when without it they would be compelled to convict," and that "the accused may offer evidence of his previous good character, not only where a doubt exists on the other proof, but even to generate a doubt of his guilt," are properly refused, as tending to give undue prominence to the evidence of the good character of the defendant.

4. *Self-defense; charge ignoring duty of retreat.*—On a trial under an indictment for murder, a charge which instructs the jury that "it is not necessary that there should be actual danger of death or great bodily harm in order to justify the taking of human life; but if the jury are satisfied from all the evidence in the case that the circumstances attending the firing of the fatal shot were such as to impress the defendant with a reasonable belief that at the time of firing the shot it was necessary in order to prevent death or great bodily harm to his person, then the jury must acquit the defendant, unless they further believe that the defendant was not free from fault in bringing on the difficulty," is erroneous and properly refused, because it ignores the duty of retreat.

5. *Same; charges ignoring duty of retreat and freedom from fault in bringing on the difficulty.*—Where, on a trial under an indictment for murder, the defendant attempts to justify the homicide on the ground of self-defense, charges requested by him in which he seeks to submit the determination of this defense to the jury, are erroneous and properly refused, if they ignore the defendant's duty of retreat, and the evidence adduced tending to show that the defendant was at fault in bringing on the difficulty.

6. *Verdict of jury in criminal case; what necessary.*—Although in a criminal case the law requires that each juror must be legally convinced of the guilt of the defendant, before there can be a conviction, the law does not require the acquittal of the accused because one or more of the jurors may not be legally convinced of his guilt; and a charge asserting this last proposition is erroneous and properly refused.

APPEAL from the Circuit Court of Conecuh.

Tried before the Hon. JOHN R. TYSON.

The appellant was indicted and tried for the murder of General Evans, and was convicted of murder in the second degree, and sentenced to the penitentiary for ten years. The tendency of the evidence is sufficiently stated in the opinion. The defendant introduced several witnesses, who testified that they knew the general character of the defendant in the community in which he lived, and ''that it was good, and good for peace and quiet.''

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked : (1.) ''The court charges the jury that good character, if proved, may sometimes have the effect to generate such a doubt as would authorize an acquittal, even when the jury would otherwise have entertained no doubt; and whether such proof is to have such effect in any case is a matter entirely for the jury.'' (2.)''The court charges the jury that good character, when proved, is a good thing, and that you may look to the good character of the defendant in this case, as proved, as independent testimony to generate such a doubt as would authorize an acquittal, when, without it, they would be compelled to convict.'' (3.)''The court charges the jury that it is the settled law of this State that in all criminal prosecutions, whether for felony or misdemeanor, the accused may offer evidence of his previous good character, not only where a doubt exists on the other proof, but even to generate a doubt of his guilt.'' (4.) ''The court charges the jury that it is not necessary that there should be actual danger of death or great bodily harm in order to justify the taking of human life, but if the jury are satisfied from all the evidence in the case that the circumstances attending the firing of the fatal shot were such as to impress the defendant with a reasonable belief that at the time of firing the shot it was necessary in order to prevent death or great bodily harm to his person, then the jury must acquit the defendant, unless they further believe that the defendant was not free from fault in bringing on the difficulty.'' (5.) ''The court charges the jury that if they find that the deceased made an attack on the defendant

with murderous intent, the defendant was under no ob-
ligation to flee.''   (6.) ''The court charges the jury that
the law does not impose on a person 'attacked with mur-
derous intent the duty to retreat.''   (7.) ''The court
charges the jury that if any one of the jurors has a rea-
sonable doubt of the guilt of the accused, then they must
acquit him.''

FARNHAM, CRUM & NEWTON, for appellant.—The court
erred in allowing the defendant to prove the general
reputation of Emma Aarons for peace and quiet.—9
Amer. & Eng. Encyc. of Law, 605.   The court erred in
refusing to give charges Nos. 1, 2 and 3.—Carson v. State,
50 Ala. 135 ; Abbott's Trial Briefs (Cr. Cas.), § 743. The
court erred in refusing to give charge No. 4.—Keith v.
State, 97 Ala. 33.   The court erred in refusing to give
charges Nos. 5 and 6.—1 Bishop. Criminal Law, § 850.
The court erred in refusing to give charge No. 7.—Carter
v. State, 103 Ala. 93.

W. C. FITTS, Attorney-General, for the State.

COLEMAN, J.—The defendant was convicted of mur-
der in the second degree, and sentenced to suffer im-
prisonment in the penitentiary.   There was evidence
tending to show that there was a quarrel between Emma
Aarons and her son-in-law, Ed Knight, in which the de-
fendant interfered, as claimed by him and some of the
witnesses, for the purpose of preventing a difficulty.
There was evidence not uncontroverted that Emma
Aarons then seized hold of him with one hand and at-
tempted to strike him with a stick, and at this time the
deceased, General Evans, a son of Emma Aarons, ap-
proached the defendant with a stick and club in a threat-
ening attitude, when he fired and killed deceased.

The defendant offered to prove that the general re-
putation of Emma Aarons for peace and quite was bad.
The court sustained an objection to the introduction of
this testimony, and this is assigned as error.   The pur-
pose of this evidence, as stated at the time by counsel for
defendant, was to show that she was a woman ''of tur-
bulent and dangerous character, and that the defendant
had greater reason to apprehend danger from her, and
was justified in acting more promptly.''   In other words,

it is insisted that the dangerous character of Emma Aarons, if proven, would be competent evidence as tending to justify the defendant in promptly taking the life of deceased, who, for aught that appears in the record, was a man of peaceable character. But there is not the slightest tendency of evidence, including his own, to show that defendant acted under any apprehension of danger from Emma Aarons, in slaying the deceased, whatever may have been his apprehension of danger from him. We cannot extend the rule as here insisted for the appellant.

Charge No. 1. lays down a correct proposition of law; but the later decisions hold that such a charge gives undue prominence to the evidence of good character. Good character may generate such a doubt as to authorize an acquittal, where no such doubt would arise in the absence of such testimony, but evidence of good character should be considered and weighed with the other evidence in the case and should not be dissociated or considered independent of it; and a charge may be refused when it is calculated to draw the minds of the jury from the other facts in the case, which should be considered with the evidence of character in determining its effect on the question of guilt or innocence. The true doctrine is that declared in the text of the opinion in the case of *Felix v. State*, 18 Ala. 725 : ''We are of opinion that evidence of the general character of the accused, having reference and analogy to the subject of the charge, is competent as original testimony—as a circumstance to be considered in determining whether he is guilty of the crime alleged against him—and may be considered, in connection with the other facts and circumstances, even to generate a doubt in the minds of the jury. * * * * * We think the rule in such cases correctly laid down in 2 Russ. by Greaves, 786, and in Roscoe's Cr. Ev., (Ed. of 1846), 97, where it is said, 'that the good character of the party accused, satisfactorily established by competent witnesses, is an ingredient, which ought always to be submitted to the consideration of the jury, together with the other facts and circumstances of the case. The nature of the charge, and the evidence by which it is supported, will often render such ingredient of little or no avail; but the more correct course seems to be, *not in any case to withdraw it from consideration, but to leave the jury to form*

*their conclusion upon the whole of the evidence,* whether an individual, whose character was previously unblemished, has or has not committed the particular crime for which he is called upon to answer.' "

What we have said applies also to charges numbered two and three. Charge No. 2 has been frequently condemned.—*Williams v. State,* 52 Ala. 411; *Springfield v. The State,* 96 Ala. 81; *Pate v. State,* 94 Ala. 14; *Grant v. The State,* 97 Ala. 36.

Charge No. 4 is a copy of a charge approved in *Keith v. The State* in 97 Ala. 33. This charge has been explained in the case of *Goodwin v. The State,* 102 Ala. 87; and should not be given except in cases where the evidence affirmatively shows that there was no duty upon the defendant to retreat, or when there was no reasonable mode of escape. The facts in the present case, so far from showing that the defendant could not have retreated in safety, tend to show that the contrary was true. There was evidence also tending to show that defendant was not free from fault in bringing on the difficulty. The following cases show that the charge was properly refused: *Holmes v. The State,* 100 Ala. 80; *Webb v. The State,* 100 Ala. 47.

The 5th and 6th charges ignore altogether the defendant's duty to retreat, as well as the other evidence tending to show that he was at fault in bringing on the difficulty.

The 7th charge needs no further comment than to say that although the law requires that each juror must be legally convinced of the guilt of the defendant before there can be a conviction, the law does not require an acquittal of the defendant because one or more of the jurors may not be legally convinced of his guilt.

Affirmed.