# Taylor *v.* The State.

## *Perjury.*

(Decided Jan. 22, 1907. 42 So. Rep. 996.)

*Criminal Law; Instructions; Character of Accused.*—A charge asserting that defendant may offer proof of his good character, and that such proof taken in connection with all the evidence in the case, may be sufficient to create a reasonable doubt of the guilt of the defendant; and one asserting that proof of good character, in connection with all the other evidence, may gen-

[Taylor v. The State.]

erate a reasonable doubt, which entitled the defendant to an acquittal, even though without such proof of good character the jury would convict; both state correct propositions of law, and their refusal was error.

APPEAL from Conecuh Circuit Court.

Heard before Hon. J. C. RICHARDSON.

The defendant was indicted, tried, and convicted on the charge of perjury. The evidence was in conflict as to whether or not the defendant gave the testimony that the indictment alleges he gave, and as to whether or not it was true or false. At the conclusion of the testimony the defendant requested the following charges, which the court refused to give: Charge 2: "The court charges the jury that the defendant may offer proof of his good character, and that such proof, taken in connection with all the evidence in the case, may be sufficient to create a reasonable doubt of the guilt of the defendant." Charge 3: "The court charges the jury that proof of good character, in connection with all the other evidence, may generate a reasonable doubt, which entitles the defendant to an acquittal, even though without such proof of good character the jury would convict."

C. S. RABB, for appellant. Charge 2 requested by the defendant should have been given.—*Goldsmith v. The State,* 105 Ala. 8; *Scott v. The State,* 105 Ala. 57; *Webb v. The State,* 106 Ala. 52; *Crawford v. The Statem,* 112 Ala. 1; *Miller v. The State,* 107 Ala. 40. The 3rd charge should have been given.—*Carson v. The State,* 50 Ala. 135; *Armour v. The State,* 63 Ala. 173. The charge as to good character should have been given.—*Bryant v. The State,* 116 Ala. 445.

MASSEY WILSON, Attorney-General, for State. No brief came to the reporter.

SIMPSON, J.—The defendant was convicted of the offense of perjury, and sentenced to five years in the penitentiary. There was evidence tending to show the good character of the defendant, and charge 2, requested by the defendant, is a correct statement of the law; hence

the court erred in refusing to give the same.—*Goldsmith v. The State,* 105 Ala. 8, 16 South. 933; *Miller v. State,* 107 Ala. 40, 59, 19 South. 37; *Newsom v. State,* 107 Ala. 134, 135, 138, 139, 18 Soth. 206; *Bryant v. State,* 116 Ala. 446, 448, 452, 23 South. 40.

Charge 3, requested by the defendant, should have been given.—*Bryant v. State,* 116 Ala. 446, 23 South. 40.

The judgment of the court is reversed, and the cause remanded.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.