[Ducett v. The State.]

# Ducett *v.* The State.

## *Murder.*

(Decided April 14, 1914.   Rehearing denied June 4, 1914.)
65 South. 351.)

1. *Homicide; Corpus Delicti.*—Where there was no dispute about the death of the person claimed to have been killed, and defendant was alone with her in the room at the time she received the fatal wound, there being nothing to suggest suicide except the statement of defendant, made immediately thereafter that she had snatched a pistol from his pocket and killed herself, the evidence of the corpus delicti and of defendant's criminal agency was sufficient to carry the question of his guilt to the jury.

2. *Same.*—While it is necessary that evidence be offered from which the jury will be justified in finding that decedent had come to her death by a criminal agency, as a preliminary to a consideration of defendant's guilt, it is not necessary that the fact that a crime had been committed should be shown by the evidence wholly independent of defendant's relation to the offense charged.

3. *Same; Jury Question.*—The evidence examined and held sufficient to require a submission to the jury of the question of defendant's guilty agency, and to justify the refusal of the general charge.

4. *Same; Evidence.*—The fact that shortly after the killing the defendant passed the house of a witness, "not running, but hustling right along pretty peart" was admissible as an incriminating circumstance.

5. *Charge of Court; Character.*—Where there is evidence of the good character of defendant, he is entitled to have the jury instructed as to the proper function and possible effect thereof.

6. *Same.*—A charge asserting that proof of defendant's good character, taken in connection with the other evidence in the case, may be sufficient to generate a reasonable doubt entitling defendant to an acquittal of the offense charged, was properly refused.

7. *Same; Reasonable Doubt.*—A charge asserting that if all the evidence tending to establish defendant's guilt can be reasonably reconciled with the theory of innocence, the jury should acquit, was refused without error.

APPEAL from Hale Law and Equity Court.

Heard before Hon. CHARLES E. WALLER.

Ross Ducett was convicted of murder in the second degree, his punishment fixed at 50 years in the penitentiary, and he appeals.   Affirmed

[Ducett v. The State.]

The facts sufficiently appear from the opinion. The following charges were refused to defendant:

(3) Proof of defendant's good character, taken in connection with the other evidence in the case, may be sufficient to generate a reasonable doubt of defendant's guilt, requiring his acquittal of the offense charged.

(4) If all the evidence in a case tending to establish the guilt of a defendant can be reasonably reconciled with the theory of defendant's innocence, then the jury should acquit him.

EVINS & JACK, for appellant. There was no proof of the corpus delicti, and defendant was entitled to the affirmative charge.—21 Enc. of Law, pp. 230-2, and cases cited. Of course in the absence of the proof of the corpus delicti, evidence tending to connect defendant was inadmissible. The court erred in refusing the charge requested as to the general character.—*Taylor v. State,* 149 Ala. 32; *Woods v. Moten,* 129 Ala. 228; *Bryant v. State,* 116 Ala. 445; *Newson v. State,* 107 Ala. 138.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. The court properly submitted the question of the proof of the corpus delicti, and of defendant's guilty agency to the decision of the jury, and correctly instructed them as to this question.—21 A. & E. Enc. of Law, 232; 10 Enc. P. & P. 161; Wharton on Homicide, 104. The facts shown are competent to be considered by the jury in passing on the guilt of defendant.—*Davis v. State,* 126 Ala. 44. Charge 3 was properly refused.—*Scott v. State,* 133 Ala. 112. The other charge was properly refused.—*Collins v. State,* 138 Ala. 63.

SAYRE, J.—We are clear in our opinion that the evidence of the corpus delicti and of defendant's crim-

inal agency was sufficient to carry the general question
of defendant's guilt as charged to the jury. The death
of the person charged to have been killed was not ques-
tioned—was proved beyond peradventure. Deceased, a
negro girl, and defendant were alone in a room at the
time the former received the fatal wound. The time was
shortly after midday on Sunday, and they had just re-
turned together from "meeting." There was nothing to
suggest suicide, save defendant's statement made im-
mediately afterwards that deceased had snatched the
pistol out of his pocket and killed herself. It was log-
ically necessary, as preliminary to a consideration of
the question of defendant's guilt, that evidence be of-
fered from which the jury would be justified in finding
that deceased had come to her death by some criminal
agency. The court must first be convinced, at least
prima facie, that an offense has been committed before
it will proceed to consider who did it. But this does not
mean that the fact that a crime has been committed
should be shown by evidence wholly independent of the
relation of the accused to the offense charged. The evi-
dence that defendant committed the crime may be so in-
extricably blended with proof of the corpus delicti as
to make a separation impossible.—2 Chamb. Mod. Ev. §
958. So here. The undisputed presence of defendant
alone with deceased, the fact that very shortly before
the fatal deed defendant had seemed to invent an occa-
sion for the temporary absence of the father of deceased,
the fact that deceased was killed by defendant's pistol,
the location of the wound upon her person, the absence
of powder burns were circumstances which, taken all
together, made proper the admission of evidence of a
motive for the crime and of threats made by defendant
against the life of deceased, and justified the court in re-
fusing the general charge requested by defendant.

[Ducett v. The State.]

We are unable to see that there was error in the court's admission of Allen Allen's testimony that shortly after the killing defendant passed his house, not running, but "hustling right along, pretty peart." Defendant complains that the fact that he was walking fast was no evidence of guilt, did not tend to show flight, but only to suggest it illegitimately. The probative force of this circumstance, as matter of fact, may have been exceedingly slight, or it may have indicated nothing at all in respect of defendant's guilty connection with the death of deceased; but it cannot be said, as matter of law, that there was absolutely nothing in it. If it was a mere straw, still the interpretation of its evidential force and effect was a matter for the jury.

There was evidence tending to prove defendant's general good character. He was therefore entitled to have the jury instructed as to the proper function and possible effect of such evidence.—*Goldsmith v. State,* 105 Ala. 12, 16 South. 933. But charge 3, refused to defendant, goes rather further than any charge on the subject which has heretofore had the approval of this court, so far as we are now advised. Strictly speaking, proof is demonstration, and the charge assumes there was proof, when, so far as the court could properly say, there was only evidence tending to establish defendant's good character. In most of the cases in which charges on this subject have been approved this fault has been avoided, whether by accident or design.—*Goldsmith v. State,* 105 Ala. 12, 16 South. 933. In *Taylor v. State,* 149 Ala. 32, 42 South. 996, a charge postulating proof, instead of evidence, was approved; but the charge in that case avoided another fault which may be found in the charge under examination. Its statement was that proof of good character, in connection with all the other evidence, may generate a reasonable doubt, which entitles the de-

fendant to an acquittal, even though without such proof
the jury would convict; whereas, in the case at hand,
the charge is that proof of defendant's general good
character, taken in connection with the other evidence
in the case, may be sufficient to generate a reasonable
doubt of the defendant's guilt, requiring his acquittal.
This charge we think involves a misleading tendency,
and was refused without error. Without careful bal-
ancing of its members, such as the jury were not likely
to give it, this charge might have been accepted as a
statement, not necessarily that good character, when
proved, may, in connection with the other evidence, gen-
erate a reasonable doubt which would entitle the de-
fendant to an acquittal, but possibly that good charac-
ter alone may be a sufficient reason for acquittal, though
the evidence upon the whole showed his guilt beyond a
reasonable doubt. We are fully conscious of the fact
that such refinements and exact distinctions as those to
which we have alluded must often be neglected by courts
and juries in the administration of any practicable sys-
tem of procedure. But since the statute providing that
charges moved for by either party in writing must be
given or refused in the terms in which they are written
(Code, § 5364) has put upon the court the burden of
passing upon charges requested, to the end that useless
reversals and occasional miscarriages of justice may
not result, much of its time has been given to that exer-
cise, having in many cases only the most remote connec-
tion with the merits of the appeal. If the statutory rule
must continue, we apprehend that it is well; in cases
where, upon the whole record, there appears to be no
merit in the appeal, that such faculty for nice criticism
as we may have should be exercised with favor to the
rulings of the trial court.

Charge 4, refused to defendant, was condemned in
*Collins v. State,* 138 Ala. 57, 34 South. 993. The bill of

[Ducett v. The State.]

exceptions states that counsel for the accused, when requesting this charge, called the court's attention to the fact that it had been held bad in that case. Candor of that sort is altogether commendable; but it left the trial judge little opportunity for the exercise of his own judgment. Counsel now insist that the ruling in *Collins v. State* was hypercritical and unsound. It may be hypercritical, but we do not think it was essentially unsound. Nice verbal discrimination may be indulged to justify an affirmance, though it may not afford good ground for reversal. Hence this court has often held that verbal inaccuracies which render charges bad upon a strict construction of their language afford good reason for their refusal.—*L. & N. R. R. Co. v. Lile,* 154 Ala. 556, 45 South. 699, and cases there cited. No doubt the decision in the *Collins Case, supra,* was accepted in the court below as a sufficient and controlling reason why the charge should be refused; and we cannot conceive in the circumstances of this case that any substantial right of the defendant depended upon having a statement of the law in this exact form go to the jury. If by any chance the court omitted to state to the jury that the burden of proving defendant's guilt beyond a reasonable doubt rested upon the state, defendant had a right to have that familiar general principle stated to the jury in any of the numerous forms which have been approved by this court, or in any other clear, simple, and unquestionable shape he may have been able to excogitate; but, seeing that he adopted this shape in order to review the decision in *Collins v. State,* we infer that there was no real occasion or necessity that the general principle involved should be stated to the jury. Hence we conclude that there is no urgent reason for overruling that decision, however hypercritical, in order that any substantial right of the defendant be conserved. The

court might have given the charge without any undue favor to the defendant, but having refused it, we are not willing to reverse on that account.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.