23 So.2d 602

## BEAVERS v. STATE.

### 8 Div. 437.

Court of Appeals of Alabama.
March 13, 1945.

Rehearing Denied June 26, 1945.

Affirmed on Mandate Oct. 30, 1945.

224

Proctor & Snodgrass, of Scottsboro, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of manslaughter in the first degree and his punishment fixed at imprisonment in the penitentiary for the term of one year and three months.

It seems not worth while to make a detailed statement of the evidence. For the purpose of what we will have to say it is sufficient to merely remark that it was in hopeless conflict.

There seems no dispute but that appellant, who was City Marshal of the town of Bridgeport, along with another officer, Walter Brown, was, within the police jurisdiction of the Town of Bridgeport, undertaking to arrest the deceased, Frank Cox, at the time said deceased was shot and killed.

Whether or not the attempted arrest was lawful; in fact, whether or not appellant was justified in what he did—all under able and fair instructions by the court, evincing much care and ability— were questions properly submitted to the jury under the, as said, violently conflicting testimony.

But, as resourceful counsel here representing appellant so aptly say, it was a case where he, an officer of long experience, who proved an excellent character and reputation, was peculiarly in need of having the jury fully and accurately instructed as to just what weight they should give testimony bearing on the "good character" of appellant.

To this end, appellant requested that the court give to the jury the following written charge, viz.: "7. The court charges the jury that proof of good character, if proved to your reasonable satisfaction, may be sufficient to authorize you to acquit the defendant when taken in connection with all the other testimony." And the court refused.

Of the action of the court mentioned we may say here exactly what we said in our opinion in the case of Maddox v. State, 20 Ala.App. 497, 103 So. 99—where we were discussing a refused charge in identical language,—Viz.: "The charge quoted was not abstract, states a correct proposition of law, was not covered by other written charges given at defendant's request, nor the oral charge of the court, and its refusal was erroneous." And see Taylor v. State, 149 Ala. 32, 42 So. 996, and Watts v. State 177 Ala. 24, 59 So. 270.

While appellant's written, requested, and refused charge 8 (which the reporter will set out in the report of this case) seems to have been approved by this court—at least a majority thereof—in the case of Clayton v. State 23 Ala.App. 150, 123 So. 250, and while we have no disposition to now question the holding in that case, yet it seems to us that the "double

negative" in said charge renders the same confusing.

Then, too, said charge seems to us argumentative. We would not reverse the judgment of conviction because of its refusal.

But we see no escape from holding, as we do, that the refusal of appellant's requested written charge 7, above, was reversible error.

It would add no strength to our opinion to argue the question.

█ Appellant's able counsel have set out in their brief all that was said by the trial court, in its excellent oral charge to the jury, regarding this matter of "good character"—a vital element, we may observe, in appellant's defense—; likewise they have quoted, in said brief, the only written charge given at appellant's request (there were none at the State's) touching the same subject. We have examined both, closely. And we repeat: "The charge quoted (written charge 7) was not abstract, states a correct proposition of law, was not covered by other written charges given at defendant's request, nor the oral charge of the court." Maddox v. State, supra.

And for the error in its refusal the judgment of conviction must be reversed, and the cause remanded.

It is so ordered.

Reversed and remanded.

### On rehearing.

In the peculiar circumstances of this particular case, we have held that it was error, for which the judgment of conviction should be reversed, for the trial court to refuse to give to the jury duly requested written charge 7, quoted in our original opinion. We stand by that decision.

As an answer to the insistence of the Attorney General that we erred, we quote from his brief:

"This Honorable Court held that Charge No. 7,—was a good charge and should have been given. The court cited the case of Maddox v. State, 20 Ala.App. 497, 103 So. 99, as authority for holding Charge No. 7 a good charge.

"In dealing with the Maddox case this court cited the cases of Taylor v. State, 149 Ala. 32, 42 So. 996, and Watts v. State, 177 Ala. 24, 59 So. 270, to fortify its conclusion that the identical charge, here under consideration, and the identical charge in the Maddox case was a good charge and its refusal error. This Court in the Maddox case, supra, said that charges similar in principle and substance were approved by the Supreme Court in the Taylor and Watts cases.

"In the Taylor case the charge was: 'The Court charges the jury that proof of good character, in connection with all the other evidence, may generate a reasonable doubt, which entitles the defendant to an acquittal, even though without such proof of good character the jury would convict.'

"In the Watts case, the charge was as follows: 'Good character, if proved, when taken in connection with the whole evidence, may have the effect to generate such doubt as to authorize acquittal when the jury would otherwise entertain no doubt.'

"We respectfully submit that Charge No. 7 in this case and the charge set out in the report of the case in the Maddox case are identical, but that both of these charges differ greatly from the charges in the Taylor and Watts case, supra."

We simply differ with the Attorney General. To our minds, the charges mentioned are in substance the same.

We think the judgment of conviction should be reversed.

And the application for rehearing is overruled.

Application overruled.

CARR, J., dissents.

PER CURIAM.

Affirmed on authority of Beavers v. State, 247 Ala. 181, 23 So.2d 604.