66 So.2d 441

**KILPATRICK v. STATE.**

**8 Div. 103.**

Court of Appeals of Alabama.

April 7, 1953.

Rehearing Denied May 5, 1953.

166

John W. Brown, Boaz and Geo. Rogers, Birmingham, for appellant.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant, sixteen years of age, was indicted for murder in the first degree. His jury trial resulted in a verdict of murder in the second degree, his punishment being fixed at imprisonment in the penitentiary for seventeen years.

The highlights of the evidence presented below tend to show that shortly before midnight on May 17, 1951 the deceased, together with several other officers drove to the home of appellant's father, Aubrey Kilpatrick, in Marshall County.

During the day Aubrey Kilpatrick had had a difficulty with a neighbor, Mr. Whitehead, which resulted in a visit to the Kilpatrick home by two of the officers involved in the shooting. On this visit an understanding was reached between the officers and Aubrey Kilpatrick that he would come in the next morning and make bond on charges preferred by Whitehead. Appellant was present during the making of this arrangement.

Later, two officers obtained a warrant charging Aubrey Kilpatrick with assault with intent to murder. After this these officers were joined by Sheriff Boyles and Leonard J. Floyd, Chief of Police of Boaz, and the four officers proceeded to the Kilpatrick home.

What took place at the house is in conflict. Witnesses for the State testified that the defendant's father fired at the officers first, while witnesses for the defense testified that the father did not fire until after he had been shot by the officers and had fallen to the ground.

The defendant was armed with a carbine rifle. The evidence is undisputed that he did not fire until after his father had fallen. The evidence tends to show however that it was a bullet fired from the defendant's rifle that fatally wounded Sheriff Boyles.

The tragic result of this gun battle was the death of three of the officers, and of defendant's father, and the serious wounding of the fourth officer.

In the trial below the appellant presented some fifteen character witnesses, most of whom had know the appellant practically his entire lifetime. Among these witnesses so presented were two ministers, a Sunday School Superintendent, a teacher who had known the defendant during the five years he was in the school in which she taught.

The trial court, in his oral charge, failed to instruct the jury, or allude in any manner as to the effect of proof of or evidence of good character.

Two main propositions are argued by counsel for appellant. One relates to the alleged prejudicial remarks of the prosecutor in his argument to the jury. The other pertains to the court's refusal of written charges A, B, B–II, and C, requested by the appellant. All of these charges, except B–II, respectively, set forth in varying terms the effect of proof of good character taken in connection with all the evidence. All of these charges have at times been approved, though in more recent decisions charges A, B, and B–II have specifically been considered and held faulty, and their refusal held not to constitute error. See Brown v. State, 33 Ala.App. 97, 31 So.2d 670; Gulledge v. State, 232 Ala. 209, 167 So. 252; Beavers v. State, 247 Ala. 181, 23 So.2d 604 as to Charge A; Farley v. State, 34 Ala.App. 54, 37 So.2d 434, as to Charge B; Knight v. State, 22 Ala.App. 557, 117 So. 804; Crews v. State, 22 Ala.App. 564, 117 So. 801 as to Charge B–II.

In Warren v. State, 32 Ala.App. 273, 25 So.2d 51, we held the refusal of a charge identical with charge C to constitute reversible error where the court had failed in its oral charge to instruct the jury as to the effect of proof of good character. This conclusion was upon the authority of Newsom v. State, 107 Ala. 133, 18 So. 206; Bryant v. State, 116 Ala. 445, 23 So. 40; Taylor v. State, 149 Ala. 32, 42 So. 996, wherein charges similar to the charge under consideration had been approved.

While the charge now under consideration omits the words "proof of" immediately preceding "good character" in the first phrase, such words do precede "good character" in the last phrase, thus supplying such omission in the entire sense of the charge.

Were it not for certain rather general language employed in the fairly recent case of Beavers v. State, 247 Ala. 181, 23 So.2d 604, 605, in reference to drawing close distinctions in the language used in considering charges in reference to the effect of proof of good character, we would harbor no doubt as to the certitude of our conclusion reached in the Warren case, supra.

In the Beavers case, supra, the court was considering a charge identical with refused charge A in this case. In holding that the charge was refused without error, the court wrote:

"But in the case of Ducett v. State, 186 Ala. 34, 65 So. 351, the Court refers to the difficulty of the jury in carefully balancing the various statements of the principle, and that such niceties should be exercised in favor of the ruling of the trial court. Our later cases cited above decline to reverse for the refusal of such charges without drawing close distinctions in the language used, on the theory that they are misleading and tend to confuse the jury. We are not willing to depart from that theory at this time."

An examination of the opinion in Ducett v. State, referred to in the Beavers case, reveals that the court considered a charge (No. 3), which was substantially similar to charge A in the present case, but in its discussion the court went further and pointed out the distinctions between a charge such as charge A, and a charge framed in the language of charge C in the present case, and indicated that a charge such as charge C was not misleading.

In the Ducett case [186 Ala. 34, 65 So. 352], in distinguishing these charges the court wrote:

"There was evidence tending to prove defendant's general good character. He was therefore entitled to have the jury instructed as to the proper function and possible effect of such evidence. Goldsmith v. State, 105 Ala. [8] 12, 16 So. 933. But charge 3, refused to defendant, goes rather further than any charge on the subject which has heretofore had the approval of this court, so far as we are now advised. Strictly speaking, proof is demonstration, and the charge assumes there was proof, when, so far as the court could properly say, there was only evidence tending to establish defendant's good character. In most of the cases in which charges on this subject have been approved this fault has been avoided, whether by accident or design. Goldsmith v. State, 105 Ala. [8] 12, 16 So. 933. In Taylor v. State, 149 Ala. 32, 42 So. 996, a charge postulating proof, instead of evidence, was approved; but the charge in that case avoided another fault which may be found in the charge under examination. Its statement was that proof of good character, in connection with all the other evidence, may generate a reasonable doubt, which entitles the defendant to an acquittal, even though without such proof the jury would convict; whereas, in the case at hand, the charge is that proof of defendant's general good character, taken in connection with the other evidence in the case, may be sufficient to generate a reasonable doubt of the defendant's guilt, requiring his acquittal. This charge we think involves a misleading tendency, and was refused without error. Without careful balancing of its members, such as the jury were not likely to give it, this charge might have been accepted as a statement, not necessarily that good character, when proved, may, in connection with the other evidence, generate a reasonable doubt which would entitle the defendant to an acquittal, but possibly that good character alone may be a sufficient reason for acquittal, though the evidence upon the whole showed his guilt beyond a reasonable doubt."

■ It is fundamental that upon proof of good character an accused is entitled to have the jury instructed as to the effect of this type of evidence when taken in connection with all the other evidence. Ducett v. State, supra; Newsom v. State, supra; Maddox v. State, 20 Ala.App. 497, 103 So. 99; White v. State, 18 Ala.App. 96, 90 So. 63.

This appellant did present an impressive array of witnesses who offered testimony as to his good character.

The court failed in its oral charge to instruct the jury as to the effect of such testimony, when taken in connection with all the other evidence, and refused appellant's requested written charges seeking to so instruct the jury.

■ As before stated three of these charges, A, B, and B–II were refused without error under the later decisions of our Supreme Court and of this court.

■ It is our conclusion however that the court did err in the refusal of appellant's charge C. This charge has been held good, and its refusal error in the absence of oral instructions along the same line, in several Supreme Court cases, above cited, and by this court in the Warren case, supra, decided in 1946. Charge C states in clear language a correct principle of law upon which the accused was entitled to have the jury instructed. We do not consider its language apt to mislead a jury, nor is it necessary to draw any close distinction in the language used to interpret its meaning, or to avoid confusing the jury. We therefore consider the observations in the Beavers case, supra, noncontrolling as applied to charge C. The refusal of such charge constitutes error.

Being of this conclusion we pretermit consideration of the alleged error or errors asserted by appellant's counsel as flowing from the remarks of the prosecutor.

Reversed and remanded.