241 So.2d 120

**Columbus B. BYRD, alias**

**v.**

**STATE.**

**4 Div. 58.**

Court of Criminal Appeals of Alabama.

Nov. 17, 1970.

E. C. Orme, Troy, for appellant.

MacDonald Gallion, Atty. Gen., and Joseph Victor Price, Jr., Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The indictment charged first degree murder. Conviction was for murder in the second degree. Sentence was imprisonment for forty-five years.

It is the state's contention that appellant killed Amanda Byrd, his wife, by shooting her with a rifle. Defendant's pleas were not guilty and not guilty by reason of insanity.

State's witness Elijah White testified he lived three doors from Columbus and Amanda Byrd in the "Forty Room Build-

ing" in Troy. The evening in question when witness came home Columbus Byrd was sitting on his porch. Columbus called to witness, saying: "Come here and let me show you what my old lady done to herself." Amanda Byrd was lying on the floor with her head almost in the door. Defendant asked witness to call an ambulance, but he notified the police instead.

When the officers arrived defendant was standing on the front porch. The body of his wife was on the floor. Defendant appeared to be highly intoxicated. There were numerous blood stains in the combination livingroom-bedroom, and the stock of a .22 caliber rifle was covered with blood.

The rifle bullet which produced death entered the victim's right side three and a quarter inches above the nipple and four and a quarter inches to the right of the median chest line. It came to rest between the fifth and sixth ribs at the left side of the back. The rifle had a regular length stock and a twenty-three inch barrel. There were no powder burns on the flesh or clothing.

The defendant and his wife lived alone. The length of the rifle, the path of the bullet through the body and the absence of powder burns were sufficient to establish the corpus delicti. Ducett v. State, 186 Ala. 34, 65 So. 351; Spain v. State, 37 Ala.App. 311, 68 So.2d 53. The question whether the defendant was the guilty agency by which his wife received her mortal wound was properly submitted to the jury.

The only evidence offered in support of the insanity plea was that of Dr. Colley, who testified he observed defendant at the county jail on September 23, 1965. From this observation and from having seen him in his office once or twice, the doctor "thought probably his mind was affected due to alcoholism." He recommended that defendant be given psychiatric examination and treatment. The doctor stated he did not feel qualified to say whether or not defendant was suffering from an actual disease of the mind, or whether he knew right from wrong.

The evidence was not sufficient to show as a matter of law that defendant was so intoxicated at the time of the shooting "as to even reduce the grade of the offense, * * *." Gautney v. State, 284 Ala. 82, 222 So.2d 175, nor was it sufficient to establish insanity that will excuse from crime under the rules laid down in Parsons v. State, 81 Ala. 577, 2 So. 854

The judgment is affirmed.

Affirmed.