CLARK, Retired Circuit Judge.
Appellant-defendant was indicted for murder in the first degree of Clarence Carson “by shooting him with a pistol.” He was convicted of murder in the second degree and sentenced to imprisonment for fifteen years.
No contention is made that the evidence was not sufficient to justify the verdict, and our review of the record convinces us that there is no reasonable basis for such a contention. It is another case of an estrangement between a man and his wife, he having lived separate and apart from her; and another man, the alleged victim, having commenced living with her, where defendant would recently visit chiefly to see his children. The only surviving eyewitnesses to the killing of Carson were the defendant and defendant’s wife. She testified that as she and Carson returned from the Elks Lodge, where Carson was playing in a band, at about 4:00 A.M. and were in the process of entering the house where they were living, defendant appeared with a pistol in his right hand and shot Carson in the back of his head with one shot that, according to the undisputed evidence, caused his immediate death.
Defendant’s explanation was to the effect that he had been threatened by Carson; that he was afraid of Carson; that he was concerned about his children living in the same house as Carson and defendant’s wife; that he approached Carson and his wife with caution; that he hit Carson with his pistol and the pistol went off; that he did not intend to kill Carson or to shoot.
Charge No. 7, requested in writing by defendant and refused by the trial court, was as follows:
“If you have a reasonable doubt of defendant’s guilt growing out of the evi *58 dence or any part of it, you must acquit him.”
The charge is substantially the same charge which, when refused by the trial court, necessitated a reversal in Tillman v. State, Ala.Cr.App., 360 So.2d 1074 (1978), wherein Judge Bookout clearly explained why such charge should be given when requested by defendant in writing in a criminal case and set forth all the cases that need to be cited in support of the conclusion reached in the opinion.
Appellee takes no issue with the charge requested as a correct principle of law, but contends the principle was “adequately and substantially covered in the oral charge and for that reason it was not error to refuse the charge.” In setting forth the portion of the court’s oral charge that appellee contends substantially covers the principle stated in Charge 7, it quotes from the court’s oral charge as follows:
“. . . The State has the burden of proving the charge as a whole and each material allegation thereof beyond a reasonable doubt and to a moral certainty.”
In arguing that such portion of the court’s oral charge substantially and fairly covered the principle stated in refused Charge 7, appellee states:
“The oral charge demanded that before conviction the jury must be satisfied beyond a reasonable doubt and to a moral certainty that the evidence proved the charge as a whole and in part (each material allegation thereof).”
We do not believe that the substitution of the words “in part” for the words “each material allegation thereof” in the court’s oral charge is warranted. It appears to us that the court, in the language quoted from its oral charge, was referring to the charge in the indictment as a whole and each material allegation thereof and was not referring to the evidence as a whole and in part.
Although not cited by either party, we are reminded of the recent case of King v. State, Ala., 356 So.2d 1220 (1977) rev’g Ala.Cr.App., 356 So.2d 1216, wherein the Supreme Court held that the refusal of a similar charge was saved from error by reason of its coverage by portions of the court’s oral charge. However, our search of the oral charge for any substantial coverage therein of the principle set forth in requested Charge 7 has been in vain. There were no written charges given; all written charges requested were refused. The refusal of Charge No. 7 constitutes reversible error.
Appellant relies upon Lane v. State, 85 Ala. 11, 4 So. 730 (1887) and Morse v. State, 49 Ala.App. 203, 269 So.2d 916 (1972) in urging that it was error to refuse defendant’s requested Charge No. 6:
“The State must prove its charge, and prove it beyond a reasonable doubt, by evidence. The assertions of counsel are not evidence.”
In Lamar v. State, Ala., 356 So.2d 680, rev’g Ala.Cr.App., 356 So.2d 677, Justice Shores made it clear that what was held in the pioneer case of Lane as to a similar charge should be restricted to the circumstances of Lane, in which there had been an improper argument by the prosecuting attorney. To the record in this case, we apply what was said in Lamar:
“. . . There is nothing to indicate that improper argument was made by the prosecuting attorney. Clearly, assertions made by counsel are not evidence, but it is not necessary in every criminal prosecution that a charge to that effect be given to the jury. If the trial court adequately charges the jury as to what evidence it may properly consider in its deliberation, and adequately charges that the state has the burden to prove its charge beyond a reasonable doubt, it is not necessary that the charge expressly exclude assertions of counsel from the jury. Lane v. State, supra, does not compel a reversal in all instances where the trial court refuses the charge as requested by the defendant in this case.”
There is nothing in the record before us to indicate that the jury could have been led to believe that the assertions of counsel constituted evidence in the case. Contra-wise, just after the jury was selected to try *59 the case and immediately before the attorneys made their statements as to what they expected the evidence to show, the court instructed the jury as follows:
. . They [the attorneys for the respective parties] are going to address you in a few moments and will tell you what they think the evidence in this case will show. What they say to you is not evidence . . ..”
Just after the close of the testimony and immediately before the attorneys commenced their arguments, the court stated to the jury:
“. . . What [the attorneys] say, what comes out of their mouth is not evidence in this ease. It’s their impression or their evaluation that they want to pass on to you of what the evidence in this case has shown or has failed to have shown . . ..”
The court was not in error in its refusal of Charge 6.
Defendant’s written Charges 2, 4, 8, 12 and 20, setting forth the principle that the presumption of innocence attends an accused “as a matter of evidence” were refused. It has beén steadfastly held that such charges state a correct proposition of law to which a defendant is entitled by an instruction of the court to the jury. Bryant v. State, Ala.Cr.App., 348 So.2d 1136 (1977), in which a list of recent cases in support of such conclusion is found.
Appellee urges that the particular principle stated in said refused charges is covered by a portion of the court’s oral charge as follows:
“. . . there is a presumption of innocence, a cloak of innocence wrapped around the shoulder of the defendant. When he walks into court That presumption of innocence, as you can see, would not require the defendant to prove anything. That’s our system of criminal justice. That presumption not only walks into the door with that defendant, but it remains wrapped around his shoulder like a cloak until the burden of proof has been met by the State or the case as a whole and each material allegation thereof . . .. The State has the burden of proving the charges as a whole and each material allegation thereof beyond a reasonable doubt and to a moral certainty.”
It is to be noted that there is no reference in the quoted portions of the court’s oral charge to the attendance of the presumption of innocence “as a matter of evidence,” and we find no such reference in any of the main body of the oral charge. However, before the jury retired and during the discussions among the court and counsel for the respective parties as to proper forms of verdict and the matter of objections or exceptions to the court’s oral charge, the following occurred:
“MR. HALE: Judge?
“THE COURT: Yes, sir.
“MR. HALE: There is just one, just a technicality, perhaps I didn’t hear it due to some inattentiveness on my part, but I think it ought to be clear that the presumption of innocence attends a defendant as a matter of evidence, and I am not sure whether that was brought out.
“THE COURT: It is so. It begins with him, it is a evidentully [sic] presumption, it begins at that door and continues until the State has met standards that I told you. I thought I made it clear it was a evidentual [sic] presumption.
“MR. HALE: Perhaps you might have.
“THE COURT: Well, it doesn’t hurt to repeat it. It doesn’t hurt to repeat it. It’s part of our system. All right, now, I have here — [instructions as to the form of verdict].”
By the quoted portion of the record, the defendant had the benefit of an instruction to the jury that the presumption of innocence attended him “as a matter of evidence.”
 A trial court is not responsible for a misspelling of words in the record. We have no doubt that the learned trial judge said, “evidential,” that he meant it and that he would have correctly spelled it if he had been called upon to do so. The word was commendably apt as meaning “of the na,- *60 ture of, relating to, or affording evidence Webster’s International Dictionary (2d ed.).
Defendant’s requested Charge 25, relative to the effect of good character in connection with all the evidence, is identical with Charge C in Kilpatrick v. State, 37 Ala.App. 165, 66 So.2d 441, cert. denied, 259 Ala. 212, 66 So.2d 445 (1953) as to which it was held:
“It is our conclusion however that the court did err in the refusal of appellant’s Charge C. This charge has been held good, and its refusal error in the absence of oral instructions along the same line, in several Supreme Court cases, above cited, and by this court in the Warren case, supra, decided in 1946.”
Several witnesses testified as to defendant’s good character in the instant case.
There is no contention, and we do not find, that the requested written charge was covered by any of the oral charge. In accordance with Kilpatrick, we find that there was reversible error in the refusal of Charge 25.
Appellant challenges the refusal of his requested Charge 9, which states:
“The Court charges the jury that the burden is upon the state, and it is the duty of the state, to show, beyond all reasonable doubt, and to the exclusion of every other reasonable hypothesis, every circumstance necessary to show that the defendant is guilty; and, unless the state has done that in this case, it is your duty, gentlemen of the jury, to render a verdict of not guilty.”
This is not a circumstantial evidence case. The only controversy as to the facts is to be found in the difference between the eyewitness testimony of defendant and that of defendant’s wife as to what defendant did and said at the time Clarence Carson was killed. By analogy to Harris v. State, 46 Ala.App. 497, 243 So.2d 770, 774, we find that there was no error in the refusal of Charge 9. In Harris, supra, in considering a charge requiring an exclusion to a moral certainty of every reasonable hypothesis but that of defendant’s guilt, “no matter how strong the circumstances,” it was held:
“Of a similar charge in a non-circumstantial evidence case, we wrote in Johnson v. State, 42 Ala.App. 511, 169 So.2d 773:
“ ‘Though refusal of this charge [8] was not reversible error in Morgan v. State, 20 Ala.App. 331, 102 So. 236 (Charge E), it has been approved in Wilson v. State, 243 Ala. 1, 8 So.2d 422 (Charge 51) and Bryant v. State, 116 Ala. 445, 23 So. 40. Perhaps the factor that so little of the State’s case derives from circumstantial evidence makes refusal of this charge harmless.’ (bracketed material added).”
At the conclusion of the court’s oral charge, defendant made known to the court that he was excepting to portions of the court’s oral charge relative to malice and as to its definitions of homicide, which appellant now urges were erroneous. In making known his exceptions, there was no selection and recital of what the court said. There was no statement of the substance of the parts of the court’s charge to which exceptions were taken. Under the circumstances reversible error cannot be predicated upon any alleged claimed erroneous statements contained in said portions of the court’s oral charge. Burns v. State, 57 Ala. App. 281, 327 So.2d 920, cert. denied, 295 Ala. 423, 327 So.2d 927 (1975); Aldridge v. State, Ala.Cr.App., 351 So.2d 656, cert. denied, 351 So.2d 658 (1977); Sellers v. State, Ala.Cr.App., 353 So.2d 535 (1977).
There was no error in the trial court’s stating to the jury that it had a written agreement between the parties that they could separate during the trial. The requirement of Ala.Code 1975, § 12-16-9(b), that it shall be “improper for the trial court to ask the accused, counsel for the accused or the prosecuting attorney, in the hearing of the jury, whether he or they will consent to a separation of the jury pending the trial” is not violated by the court’s announcement to the jury of the fact that such an agreement has been made.” Kennedy v. State, 291 Ala. 62, 277 So.2d 878 (1973); Lamar v. State, Ala.Cr.App., 356 *61 So.2d 677, rev’d on other grounds, 356 So.2d 680 (1977).
For the errors indicated, the judgment of the trial court should be reversed and the cause remanded for another trial.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the New Judicial Article (Constitutional Amendment No. 328). His opinion is hereby adopted as that of the Court. The judgment is hereby reversed and the cause remanded.
REVERSED AND REMANDED.
All the Judges concur.