TYSON, Judge.
The indictment charged James Biggs with the first degree murder of Earnest Boney, by shooting him with a pistol, contrary to the provisions of § 13A-6-2, Code of Alabama 1975. The jury found the appellant “guilty of manslaughter” and after polling the jury and setting the cause for sentencing hearing, the trial court set sentence at five years’ imprisonment in the penitentiary.
Because reversible error appears from the exception to the trial court’s oral charge and in the refusal of certain requested written charges which are correct statements of law, we pretermit consideration of the evidence in this cause.
I
Defense counsel excepted to the trial court’s oral charge on several grounds (R. 109-112) among them the refusal of the trial court to charge that the “legal presumption of innocence was to be regarded as a matter of evidence in behalf of appellant”. The trial court also refused a written requested charge on this. (R. 10).
*814 We have carefully reviewed the oral charge of the trial court and find that while the trial judge did discuss the matter of the presumption of innocence, and that the state was required to prove the guilt of the appellant beyond a reasonable doubt, no where in the oral charge does such oral charge point out that the legal presumption of innocence is a matter of evidence and should be regarded as such by the jury in the appellant’s behalf during their deliberations. By failing to charge the jury on this matter, the trial court committed reversible error. Bryant v. State, 348 So.2d 1136 (Ala.Cr.App.), cert. denied, 348 So.2d 1138 (Ala.1977) and cases therein cited and Brown v. State, 369 So.2d 56 (Ala.Cr.App.1979).
For the error shown, this case is reversed and remanded for new trial.
REVERSED AND REMANDED.
All the Judges concur.