Paul Felder was convicted of rape in the second degree and was sentenced to 20 years' imprisonment. On this appeal from that conviction he contends that the trial court erred in refusing to instruct the jury on his right against self-incrimination.
The appellant's requested charge no. 22 stated:
 "I charge you that Paul Felder has the right not to testify in this case. I charge you that you shall not make any inference from the fact that Mr. Felder has not testified in this case."
At a "charge conference" held prior to closing arguments in the case, the following occurred:
 "THE COURT: . . . And 22 — You want to get me to make statements about his right not to testify in the case? That appears to be getting into commenting on his decision not to testify.
 "MR. LAWRENCE [defense counsel]: Well, it comes from the court. It doesn't come from the lawyers.
 "THE COURT: I'll allow you to argue that point if you choose, Mr. Lawrence. Mr. Belser [deputy district attorney], you should not go —
"MR. LAWRENCE: I can't argue that point, Judge.
 "THE COURT: Well, Mr. Belser — I'm going to refuse it. I think to open up the can of worms on whether or not — He did not testify in the case, and I caution both of you around that area. I'm going to refuse it. Now, do you have another charge?
 "[Defense counsel makes his objections to the refusal of other requested charges.]
 "MR. LAWRENCE: . . . And Charge Number 22 is a correct statement of the law, and I request that you give that one."
The trial court did not respond to this last objection. *Page 122 
The trial court did not instruct the jury on any aspect of the appellant's right against self-incrimination. At the conclusion of the court's oral charge, defense counsel made no objection either to the trial court's refusal of charge no. 22 or to the court's failure to instruct on the right against self-incrimination.
At the hearing on the motion for new trial, defense counsel argued that the appellant had a constitutional right to have the jury charged on his right against self-incrimination. The responses of the prosecutor and of the trial judge to that argument were:
 "MR. BELSER: Judge, I don't have a transcript of the trial, but it's my understanding that the defense attorney did not object to you refusing it. Y'all had discussed it, and he just —
 "THE COURT: I don't believe he did either, and I know I would have given a detailed charge on presumption of innocence. And I'm going to deny your motion for new trial on that point. I give a very detailed charge on presumption and burden of proof. Presentation of evidence, I give a charge that the defense does not have to prove his innocence. The burden is always on the state, and I think it was covered. And I don't recall there being an objection but the record will speak on that."
The appellant was tried and convicted in 1990. In 1981, the Supreme Court of the United States held:
 "The principles enunciated in our cases construing this privilege, against both statutory and constitutional backdrops, lead unmistakably to the conclusion that the Fifth Amendment requires that a criminal trial judge must give a 'no-adverse-inference' jury instruction when requested by a defendant to do so."
Carter v. Kentucky, 450 U.S. 288, 300, 101 S.Ct. 1112, 1119,67 L.Ed.2d 241 (1981). Furthermore, in the 1978 case of Lakesidev. Oregon, 435 U.S. 333, 338-39, 98 S.Ct. 1091, 1094,55 L.Ed.2d 319 (1978), the Supreme Court specifically rejected the argument that the giving of a requested "no-adverse-inference" instruction was a direct and improper comment by the trial court that emphasized the fact that the accused had not testified in his own behalf.
In 1979, the Alabama Supreme Court held:
 "[W]e observe that it has long been the law of this State that the constitutional guarantee against self-incrimination (Art. [I], § 6, Alabama Constitution 1901), as augmented by [Ala. Code 1975, § 12-21-220], renders the refusal of a requested jury instruction on the legal effect of an accused's exercise of that right reversible error."
Perry v. State, 368 So.2d 310, 312 (Ala. 1979). In holding that the harmless error rule was not applicable to the refusal of a requested charge on the right against self-incrimination, the Court observed:
 "Subjective analysis on a case-by-case basis, to determine whether such error has affected the substantial rights of the accused, has no field of operation where, as here, the denial of the requested instruction is tantamount to the denial of the fundamental right of the accused, as constitutionally and statutorily mandated, to elect not to testify."
Perry, 368 So.2d at 312 (emphasis added).
It is clear and cannot be disputed that the refusal of requested charge no. 22 constitutes error. The question in this case is whether that error was preserved for appellate review. We hold that it was.
Technically, there was no proper objection to the refusal of the requested charge because defense counsel never stated "the grounds of his objection" as required by Rule 14, A.R.Crim.P.Temp. (now Rule 21.2, A.R.Crim.P.). "An objection, of course, should fairly and specifically point out the particular grounds on which an alleged error occurred in order to inform the trial judge of the legal basis of the objection, thereby affording the trial judge an opportunity to reevaluate his or her initial ruling in light of the grounds alleged and to change it, if deemed necessary." Ex parte Webb,586 So.2d 954, 957 (Ala. 1991).
Although the "magic words" were never employed, and although defense counsel *Page 123 
should have been specific in stating the grounds of his objection, it is apparent that both defense counsel and the trial court understood that the appellant's constitutional right against self-incrimination was involved. At the hearing on the motion for new trial, defense counsel argued that both "Alabama and U.S. Constitutional law" guaranteed that the appellant was "entitled" to this charge. Defense counsel cited the case of Perry v. State, 368 So.2d 310, 312 (Ala. 1979), to the trial court. A reading of the trial court's response to this argument, set forth above, strongly indicates that, even had this argument been made at trial, the request would still have been denied. Indeed, under the particular facts of this case, it would be unreasonable and both realistically and practically indefensible to hold that the appellant waived this issue. In this case, substance must prevail over form.
As two judges of this court recognized in Kirkpatrick v.State, 574 So.2d 1025, 1030 (Ala.Cr.App. 1990) (Bowen, J., concurring in result; Patterson, J., joining):
 "Temporary Rule 14, A.R.Crim.P., requires only that a party object to the court's giving or failing to give a written instruction, or to the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge 'before the jury retires to consider its verdict.' That rule does not require both a request for an instruction . . . before the oral charge of the trial court and an objection to the court's failure to give that charge after the completion of the court's oral charge to the jury."
The judgement of the circuit court is reversed due to the refusal of the trial judge to instruct the jury on the appellant's right against self-incrimination. This cause is remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.