854 So.2d 1171 (2002)
Clarence J. TOLES
v.
STATE of Alabama.
CR-00-2607.
Court of Criminal Appeals of Alabama.
April 26, 2002.
Rehearing Denied June 21, 2002.
Certiorari Denied February 7, 2003.
*1172 Robert M. Beno, Montgomery, for appellant.
William H. Pryor, Jr., atty. gen., and Andy Scott Poole, asst. atty. gen., for appellee.
Alabama Supreme Court 1011854.
*1173 COBB, Judge.
On August 10, 2001, Clarence J. Toles was convicted of reckless manslaughter, a violation of § 13A-6-3(a)(1), Ala.Code 1975. On September 10, 2001, the trial court sentenced Toles, as a habitual felony offender, to serve 15 years in prison. See § 13A-5-9(a)(2), Ala.Code 1975. The trial court split the sentence, ordered Toles to serve three years, and suspended the remainder of the sentence. This appeal followed.
At trial, Toles presented three witnesses to testify to his good character. After the presentation of all of the evidence, and at the conclusion of the jury charge, Toles's defense counsel attempted to object to the omission of some of his requested jury charges, in particular requested charges 2 and 3, which read:
"[Requested charge 2:] I charge you that proof of good character may be sufficient to authorize you to find the Defendant not guilty when taken in connection with all of the other testimony. Beavers v. State, 32 Ala.App. 223, 23 So.2d 602 (1945)."
"[Requested charge 3]: I charge you that proof of good character, when taken in connection with all of the evidence in the case, may be sufficient to create a reasonable doubt of guilt of the Defendant. Taylor v. State, 149 Ala. 32, 42 So. 996 (1907)."
(C.R.37-38.) Toles's defense counsel could not complete his objection because the trial court discontinued the discussion in order to retire the jury.
After the jury had retired, the trial court proceeded to hear defense counsel's objections. At that point, Toles objected to the trial court's refusal to charge the jury on his requested instructions 2 and 3:
"[Defense counsel]: Judge, we would take exception to the court not charging the jury on defendant's requested Charge No. 1, accidental
"THE COURT: Are those charges you requested?
"[Defense counsel]: Yes.
"THE COURT: Then I'mI should have told you, that I'm denying those andbut have I misstated something or
"[Defense counsel]: Oh, no, just these, Your Honor.
"....
"THE COURT: According tookay. Now, [defense counsel]
"[Defense counsel]: Judge
"THE COURT: I'm going to mark these as being filed in open court. And you object to the Court not giving Jury Charge No. 1?
"[Defense counsel]: No. 1 that relates toif the jury finds
"THE COURT: Well, it'sand I'm refusing it. I'm refusing two.
"[Defense counsel]: Two and three on the character?
"THE COURT: And I'm refusing that and your objection is noted and overruled. And I think the rest of them
"[Defense counsel]: Yeah, those were thethose first three."
(R. 787-88.)
"`An objection ... should fairly and specifically point out the particular grounds on which an alleged error occurred in order to inform the trial judge of the legal basis of the objection, thereby affording the trial judge an opportunity to reevaluate his or her initial ruling *1174 in light of the grounds alleged and to change it, if deemed necessary.'"
Covington v. State, 620 So.2d 122, 127 (Ala.Crim.App.1993) (quoting Ex parte Webb, 586 So.2d 954, 957 (Ala.1991)). This principle of appellate procedure certainly applies to alleged errors in charging the jury. See Rule 21.3, Ala. R.Crim. P. However, this Court has consistently reviewed issues, though in the technical sense not preserved by a proper objection at trial, where "[i]t is clear that the trial court understood the basis for the objection." Covington v. State, 620 So.2d at 127 (citing Ex parte McCall, 594 So.2d 628, 631 (Ala. 1991); Ex parte Pettway, 594 So.2d 1196, 1200 (Ala.1991)); Felder v. State, 593 So.2d 121, 122-23 (Ala.Crim.App.1991); and Marshall v. State, 570 So.2d 832, 834 (Ala. Crim.App.1990).
We find support for the proposition that Toles preserved his jury charge argument in Ex parte Weaver, 763 So.2d 982 (Ala. 1999). In Weaver, at the close of the jury charge, but before the jury retired to deliberate, the following exchange took place:
"`[Defense counsel]: What about on his right to remain silent and not testify and to have that not used against him? You didn't give any instruction on that.
"`THE COURT: Well, it is not mandatory to give anything on that. It hasn't been raised as an issue.
"`[Defense counsel]: Well, he didn't testify. I don't think that
'"THE COURT: Well, you went through that in voir dire. It is too late now.
"`[Defense counsel]: I don't think it's too late. We object to it.
"`THE COURT: Okay. Anything further?
"`[Prosecutor]: The State is satisfied.'
"(R. 326-27.)"
Weaver, 763 So.2d at 984. The State argued on appeal that Weaver's claim that the trial court erred in refusing to give the requested jury instruction was not preserved for appellate review because, it argued, the objection was not sufficiently specific. The Alabama Supreme Court stated that Weaver "did not make a proper objection to the refusal of the requested charge." Weaver, 763 So.2d at 986. However, the Alabama Supreme Court, quoting Felder, stated: "`Although the "magic words" were never employed and although defense counsel should have been specific in stating the grounds of his objection, it is apparent that both defense counsel and the trial court understood [the objection to the jury charge].'" Weaver, 763 So.2d at 985 (quoting Felder v. State, 593 So.2d 121, 122-23 (Ala.Crim.App.1991)).
The Alabama Supreme Court further noted that, unlike Felder, there had been no charge conference in Weaver's case, so the requested charges were not discussed prior to the jury charge. In this case, Toles, like Weaver, did not have the benefit of a charge conference and therefore "objected after the court had already given its instructions to the jury." Weaver, 763 So.2d at 986.
Additionally, in the present case, there is further proof that Toles preserved his jury charge argument because the trial court terminated the discussion with the statement: "I'm refusing [those requested charges] and your objection is noted and overruled." (R. 788.) (Emphasis added.) The trial court expressed an understanding of the appellant's objection when it overruled the objection by stating that the objection was "noted." The trial court also made it clear that no further discussion was necessary, expected, or allowed. Therefore, from the discourse between the trial court and defense counsel, it is clear that the trial court understood the appellant's *1175 objection to its refusal to give the requested charges, and "it would be `unreasonable and both realistically and practically indefensible to hold that the appellant waived this issue,'" Weaver, 763 So.2d at 986 (quoting Felder, 593 So.2d at 123). Thus, Toles has preserved his arguments regarding requested jury instructions 2 and 3.
"A trial court has broad discretion in formulating its jury instructions, provided they are an accurate reflection of the law and facts of the case." Coon v. State, 494 So.2d 184, 186 (Ala.Crim.App. 1986). "The trial court's refusal to give written requested charges does not constitute error when the charges are covered in the trial court's oral charge, are confusing or misleading, are inapplicable or abstract, or are an incorrect statement of the applicable law." Stout v. State, 547 So.2d 894, 898-99 (Ala.Crim.App.1988).
A jury instruction similar to requested jury charge 2 has been held to be misleading in Beavers v. State, 32 Ala.App. 223, 23 So.2d 602 (1945). The Court of Appeals had held that the trial court's refusal to give the following jury instruction amounted to reversible error: "`The court charges the jury that proof of good character, if proved to your reasonable satisfaction, may be sufficient to authorize you to acquit the defendant when taken in connection with all the other testimony.'" Beavers, 32 Ala.App. at 224, 23 So.2d 602, 603 (Ala.App.), rev'd, 247 Ala. 181, 23 So.2d 604 (1945). However, the Alabama Supreme Court reversed the Court of Appeals and upheld the trial court's refusal to give the charge based on the fact that such charges are misleading and tend to confuse the jury. Beavers v. State, 247 Ala. 181, 23 So.2d 604 (1945). We hold similarly in this case. The trial court's refusal to give that charge was correct.
However, requested jury charge 3 is a correct statement of the law, is not misleading or confusing, and is not covered elsewhere in the trial court's charge to the jury. Requested jury charge 3 tracks the language of the acceptable instruction in Taylor v. State, 149 Ala. 32, 33, 42 So. 996, 996 (1907), which read, `"The court charges the jury that the defendant may offer proof of his good character, and that such proof, taken in connection with all the evidence in the case, may be sufficient to create a reasonable doubt of the guilt of the defendant.'" In Taylor, the Alabama Supreme Court held that the failure to give this jury instruction constituted reversible error. See also Kilpatrick v. State, 37 Ala.App. 165, 166, 66 So.2d 441, 442 (1953) (holding that the failure to give the following jury instruction was reversible error: "`The Court charges the jury that good character itself may, in connection with all the evidence, generate a reasonable doubt and entitle the defendant to an acquittal, even though without such proof of good character you would convict.' "). Likewise, in this case, the trial court's failure to give requested jury charge 3 constitutes reversible error.
For the reasons stated above, the judgment of the trial court is hereby reversed, and this cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
McMILLAN, P.J., and SHAW, J., concur. BASCHAB, J., dissents, without opinion. WISE, J., dissents, with opinion.
WISE, Judge (dissenting).
I respectfully dissent from the majority opinion reversing the appellant's conviction based on its conclusion that the trial court's refusal to give requested jury charge 3 was error. I disagree with the majority's conclusion that this matter was *1176 preserved for appellate review. In my opinion, the appellant's objection was neither timely nor sufficiently specific to comply with the requirements of Rule 21.3, Ala.R.Crim.P. Because counsel's objection to the court's oral charge was not completed and ruled upon until after the jury had already retired to deliberate, the facts of this case are distinguishable from those in Ex parte Weaver, 763 So.2d 982 (Ala.1999), the case relied upon by the majority. Therefore, I must dissent.