BOOKOUT, Judge.
Appellant was convicted in the district court of assault in the third degree per § 13A-6-22, Code of Ala.1975, as amended. She was fined $250 and costs, and this appeal comes directly to this court pursuant to Code § 12-12-72(1).
We find an adequate statement of the facts recited in the State’s brief which we hereinbelow set out, omitting the record page references therein:
“Stevie Walden, an eighth grader at Cottonwood High School at the time of the event in question, testified that on the morning of May 15, 1981, he was in his homeroom class and Appellant was his teacher. He stated that he went to Appellant’s desk and picked up her thermos and asked her what was in it. Walden testified that Appellant told him to put her thermos down, walked over to him, stuck him in the arm with a pencil and swung her grade book at him. Walden said he told her to ‘get her ass out of my way’ and then walked to Coach Tew’s office. Walden further testified that Coach Tew treated his wound and took him to the hospital emergency room, where his wound was checked for lead and dressed.
“In addition, Walden testified that he had placed Appellant’s thermos back on her desk before she struck him, and she struck at him in an overhanded manner with the pencil clasped in her palm.
“Marty Sizemore, Dewayne Efford, Michael Price, and Fred Hardwick, Walden’s fellow classmates who witnessed the incident, all testified to substantially the same events as did Walden.
“Appellant, Alberta Goode, testified that the students who testified against her, including Stevie Walden, had been involved in discipline problems in her class prior to the incident in question.
“Appellant also testified that on May 15,1981, she was standing in the doorway of her classroom with her grade book and a pencil in her hand supervising students when a student yelled, ‘Mrs. Goode, Stevie has your thermos.’ Appellant stated that she knew there was liquid in the thermos, and that the top of the thermos was almost open. In addition, Appellant stated that her desk was filled with test papers, reports, and stencils which had been typed for her tests, which would have been ruined had they come in contact with the liquid in the thermos.
“Appellant further testified that because of the danger to her papers, she rushed to her desk and pushed his hand so he wouldn’t spill the contents of the ther *199 mos, but that she was not aware that her pencil was still in her hand or that she had injured Walden.”
The district court judge, to find the appellant guilty, must have found from the evidence that the appellant caused “physical injury” to another either (1) intentionally; or (2) recklessly; or (3) with criminal negligence by means of a deadly weapon or dangerous instrument. Code § 13A-6-22(a)(1), (2), (3). “Physical injury” is an indispensable element of the offense charged and is defined by Code § 13A-1-2(8) as: “Impairment of physical condition or substantial pain.”
Stevie Walden testified that he played football, and the pencil wound did not hurt as much as a block, kick or “lick” on the football field. He stated only that “it hurt.” There was absolutely no evidence of any. “impairment of physical condition” presented in the trial, and the only evidence going toward the required element of “substantial pain” was simply that “it hurt.” In fact, the testimony of the complaining witness shows that the pain inflicted was not substantial. The evidence therefore failed to establish an essential element of the offense charged, and the district court erred in overruling appellant’s timely and specific motion to exclude the State’s evidence on this ground.
Counsel for appellant contends in brief that the State’s evidence was such that a lesser charge of harassment should have been brought per Code § 13A-11-8 rather than the instant charge. We make no comment on the propriety of any other charge, but only find that the State knew the necessary elements it was required to prove when it elected to proceed with the instant offense charged. Its evidence was well short of its burden of proof, and the instant conviction and judgment cannot stand. The cause must be reversed and rendered pursuant to Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and Greene v. Massey, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).
REVERSED AND RENDERED.
All the Judges concur.