Larry Benjamin Corbin was indicted for intentional murder in violation of § 13A-6-2, Code of Alabama 1975. At arraignment he pleaded not guilty and not guilty by reason of insanity. The appellant was found "guilty as charged in the indictment" and was sentenced to life in prison. He raises two issues on this appeal.
 I
Corbin contends that the trial court erred in failing to charge the jury on the lesser included offenses of manslaughter and criminally negligent homicide. We find that the appellant failed to preserve this issue for review.
"No party may assign as error the court's . . . failing to give a written instruction, . . . unless he objects thereto . . ., stating the matter to which he objects and the grounds of his objection." A.R.Crim.P. (Temp.) 14. The appellant's counsel objected *Page 430 
to the trial court's failure to give 28 numbered jury charges because they were "true and correct statements of law". (R. 266). Only six of the charges concerned manslaughter or criminally negligent homicide. Counsel's objection does not satisfy the requirement that the grounds of an objection be stated with particularity and, therefore, he failed to preserve this issue for review. Bogan v. State, 529 So.2d 1029
(Ala.Crim.App. 1988). See also Hutchinson v. State, 516 So.2d 889
(Ala.Crim.App. 1987); Allen v. State, 414 So.2d 989
(Ala.Crim.App. 1981), aff'd, 414 So.2d 993 (Ala. 1982).
Even if this issue had been properly preserved, we have carefully reviewed the record and find that the trial court properly refused the requested charges. "The court shall not charge the jury with respect to an included offense unless there is a rational basis for a verdict convicting the defendant of that offense." Ala. Code § 13A-1-9(b) (1975). There is no rational basis for a verdict that would justify a conviction of the appellant on either of the lesser offenses in this case. See Eslava v. State, 473 So.2d 1143 (Ala.Crim.App. 1985) (there was no rational basis for a verdict of criminally negligent homicide where the circumstances of the case indicated that the defendant either intentionally or maliciously killed the victim or that the killing was accidental).
The appellant appears to rely in part on evidence concerning his history of mental illness to support his argument that a charge on the lesser offenses should have been given. This argument has no merit since even an extreme emotional or mental disturbance does not reduce murder to manslaughter. Gray v.State, 482 So.2d 1318 (Ala.Crim.App. 1985). The appellant's evidence of mental illness was relevant to his insanity defense, but it did not support any theory of a crime committed "in the heat of passion". See Gray (refusal to charge on manslaughter is not error where the evidence clearly shows that one accused, if sane, is guilty of murder).
 II
Corbin argues that the trial court improperly limited the scope of his voir dire by refusing to ask the venire several of his requested voir dire questions. We find no such error.
The extent of the voir dire examination is largely discretionary with the trial court. Jennings v. State,513 So.2d 91 (Ala.Crim.App. 1987); Heath v. State, 480 So.2d 26
(Ala.Crim.App. 1985). A trial court will only be reversed for an abuse of that discretion. Jennings; Edwards v. State,452 So.2d 487 (Ala.Crim.App. 1982), rev'd on other grounds,452 So.2d 503 (Ala. 1983).
Since the record does not contain the voir dire portion of the trial record, this court cannot determine if there was an abuse of discretion. See Fuller v. State, 472 So.2d 452
(Ala.Crim.App. 1985) (appellate court review is limited to matters of record).
For the reasons stated above, this cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.