Tommy Lee Booker, the appellant, was convicted of assault in the first degree and was sentenced to life imprisonment as a habitual felony offender. On this direct appeal from that conviction, he contends that the trial court erred in failing to charge the jury on the lesser offense of assault in the third degree and on self-defense.
We hold that the appellant is precluded from raising this issue on appeal because defense counsel failed to properly object to the trial court's refusal of his requested charges. The objection was: "Your Honor, I object to the failure of the Court to give charges nine, eleven, twelve, I believe was given, and fourteen." R. 150.
Defense counsel's objection to the refusal of his requested charges does not satisfy the requirement that a party "state with particularity the grounds of [his] objection."Matkins *Page 357 v. State, 497 So.2d 201, 203 (Ala. 1986) (emphasis omitted). "No party may assign as error the court's . . . failing to give a written instruction, . . . unless he objects thereto . . . stating the matter to which he objects and the grounds of his objection." Rule 21.2, A.R.Crim.P. See City of Gulf Shores v.Harbert Int'l, 608 So.2d 348, 352 (Ala. 1992) ("After the trial court's oral charge to the jury, Gulf Shores objected to the impossibility defense instruction by stating, 'We object to the giving of Parkson's requested charges No. 1; No. 8; No. 11; and the one requested by Parkson on the impossibility of performance, No. 5, Parkson No. 5, Judge.' (R. at 3554.) This objection failed to state the grounds upon which Gulf Shores objected to the instruction. Crigler v. Salac, 438 So.2d 1375
(Ala. 1983). Thus, Rule 51 precludes Gulf Shores from raising the issue on appeal."[1]). See also Wilson v. State,584 So.2d 921, 925 (Ala.Cr.App. 1991); Johnson v. State, 552 So.2d 883,886 (Ala.Cr.App. 1989); Corbin v. State, 551 So.2d 429, 430
(Ala.Cr.App. 1989); Jackson v. State, 530 So.2d 900, 901
(Ala.Cr.App. 1988); H. Maddox, Alabama Rules of CriminalProcedure § 21.1 (1990).
Furthermore, even if the issue had been properly preserved, the refusal of the requested charge on assault in the third degree was proper. The victim in this case was paralyzed as a result of a gunshot wound. Defense counsel stipulated that the victim suffered "serious physical injury." R. 53. Assault in the third degree involves only "physical injury." Ala. Code 1975, § 13A-6-22. There was no "rational basis for a verdict convicting the defendant of the included offense." §13A-1-9(b).
The refusal of the requested charge on self-defense was also correct because that requested charge was misleading, was not a correct statement of the law, and was riddled with gross inaccuracies. The requested charge stated:
 "11. In this case, the defense of self defense has been raised.
 "If the Defendant committed a crime to defend himself because he felt threatened with death or serious bodily injury, then he is not legally responsible for that crime.
 "If a threat was made or implied, and the person making the threat had the present apparent ability to carry out the threat, then you may find that self defense was present.
 "Once the defense of self defense has been raised, it becomes the burden of the state to disprove it. If the defense offers evidence of self defense, and if the state fails to disprove self defense, you must presume that duress existed.
 "If you find in this case that the Defendant did what he did in self defense, you must find him not guilty." C.R. 25.
This charge is erroneous because it does not state that the appellant must have honestly and reasonably believed he was in danger of imminent attack. The mere fact that the appellant "felt threatened" is not sufficient to invoke the right of self-defense. Lemley v. State, 599 So.2d 64, 75 (Ala.Cr.App. 1992) ("[t]he right of self-defense depends upon whether the accused reasonably believes himself in imminent peril from the use of 'unlawful deadly physical force' ") (emphasis omitted). "A person may use deadly physical force [upon another person] if the actor reasonably believes that such other person is . . . [u]sing or about to use unlawful deadly physical force." Ala. Code 1975, § 13A-3-23(a)(1) (emphasis added).
A "threat" in and of itself, even if there exists the "present apparent ability to carry out the threat," is not sufficient to support a claim of self-defense.
 " 'No one has a right to kill another simply because he has made threats against him. . . .
". . . .
 " 'There must be some demonstration, or apparent demonstration, of an intent, coupled with ability, to take life or inflict grievous bodily harm, before extreme measures become defensive, and can be resorted *Page 358 
to.' Karr v. State, 100 Ala. 4, 14 So. 851, 852
(1894)."
Raines v. State, 455 So.2d 967, 972 (Ala.Cr.App. 1984).
The requested charge is also misleading in regard to the State's burden of "disproving" self-defense. "Once the issue of self-defense is raised, the State 'must prove that the accused did not act in self-defense in the sense that the State must prove a prima facie case of unjustified homicide.' " Ex parteJohnson, 433 So.2d 479, 481 (Ala. 1983).
We also note that while the defense of duress and the defense of self-defense may both justify an assault, those defenses are separate legal doctrines. Compare § 13A-3-23 with § 13A-3-30. The requested charge improperly instructed the jury to "presume duress" from evidence of self-defense. "The trial court's refusal to give written requested charges does not constitute error when the charges . . . are confusing or misleading, . . . or are an incorrect statement of the applicable law." Stout v.State, 547 So.2d 894, 898-99 (Ala.Cr.App. 1988), affirmed,547 So.2d 901 (Ala. 1989).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.
[1] "Rule 21 is taken almost verbatim from Rule 51, A.R.Civ.P." Committee Comment to Rule 21.2, A.R.Crim.P.