TAYLOR, Presiding Judge.
The appellant, Gerald Dewayne Ward, appeals his convictions for receiving stolen property in the first degree, a violation of 13A-8-17, Code of Alabama 1975, CC-95-302, for attempted burglary in the second degree, a violation of § 13A-7-6, Code of Alabama 1975, CC-95-303, and for two counts of receiving stolen property in the second degree, violations of § 13A-8-18, Code of Alabama 1975, CC-94-1056 and 94-1059. He was sentenced to life in the state penitentiary pursuant to the Habitual Felony Offender Act.
The state’s evidence tended to show that the appellant was in possession of stolen property while attempting to commit a burglary. Linda Sanderson, an employee of Suburban Gas Company, a business in Bessemer, testified that when she arrived at work around 6:40 a.m. on June 2, 1994, she observed a black male standing inside the rear gate of the business. She stated that he appeared to be breaking open the gate. Sanderson further testified that the appellant was standing near a late 1970s model Chevrolet Impala or Monte Carlo automobile.
Officer Billy Brooks, of the Bessemer Police Department, testified that he was dispatched to the Suburban Gas offices, and *54 that when he arrived he saw a black male standing by a green Monte Carlo automobile parked at the rear gate. He stated that a weed eater was protruding from the trunk of the automobile. Brooks also testified that the individual saw him and ran away. Brooks identified the appellant as the black male he saw that morning at the gate of Suburban Gas. Brooks was unable to apprehend the appellant that morning.
Officer Paul Williams, of the Bessemer Police Department, testified that while he was searching the area around the Suburban Gas offices he discovered the appellant’s billfold on Berkley Avenue, which was one street away from the Suburban Gas offices. The billfold contained the appellant’s identification card, Social Security card, and his AmSouth bank card.
Fred Blackerby, the owner of O.K. Tire and Battery, testified that his business was burglarized on May 31, 1994. Tim Pittman, the service manager of O.K. Tire & Battery, testified that one of the items taken was his green 1976 Monte Carlo. Pittman also identified a coolant extractor and injector found in the trunk of the Monte Carlo abandoned by the appellant, along with other items taken on May 31,1994.
Officer Ray Hubbart, of the Bessemer Police Department, testified that while investigating the burglary at O.K. Tire & Battery he observed a blue Datsun 510 automobile parked in a vacant lot behind the store. The automobile was registered to the appellant, Gerald Ward. Pittman testified that the automobile was not waiting to be serviced.
L.V. Anderson, the owner of U.S. Termite Company and the Army Salvage Store, testified that his business was burglarized on either May 31 or June 1, 1994.. Anderson testified that a Smith-Corona typewriter was taken during the burglary. The typewriter was recovered in the trunk of the Monte Carlo.
Bill McGlaughlin, an employee with the Bessemer Street and Sanitation Department, testified that on June 2, 1994, a weed eater was issued to Marvin Sanders. Sanders reported that the weed eater was stolen between 5:30 and 6:00 a.m. on June 2, 1994. McGlaughlin identified the weed eater found in the trunk of the Monte Carlo as the one belonging to the city.
I
The appellant contends that the trial court erred by amending the original indictment against him in case number CC-95-303 from attempted burglary first degree to attempted burglary in the second degree. Rule 13.5(a), Ala.R.Crim.P., provides:
“A charge may be amended by order of the court with the consent of the defendant in all cases, except to change the offense or to charge new offenses not contemplated by the original indictment.”
(Emphasis added.)
The record reflects that the appellant was indicted for attempted burglary in the first degree but that he was convicted of attempted burglary in the second degree. Before the case was submitted to the jury the trial court ruled that evidence did not support a charge of attempted burglary in the first degree and that he was submitting the case to the jury on the charge of attempted burglary in the second degree.
The first degree burglary statute, § 13A-7-5, reads, in pertinent part, as follows:
“(a) A person commits the crime of burglary in the first degree if he knowingly and unlawfully enters or remains unlawfully in a dwelling with intent to commit a crime therein.... ”
(Emphasis added.)
The second degree burglary statute, § 13A-7-6, provides, in pertinent part, the following:
“(a) A person commits the crime of burglary in the second degree if he knowingly enters or remains unlawfully in a building with intent to commit theft or a felony therein.... ”
[[Image here]]
“(b) In the alternative to subsection (a) of this section, a person commits the crime of burglary in the second degree if he unlawfully enters a lawfully occupied *55 dwelling-house with intent to commit a theft or felony therein.”
(Emphasis added.)
If attempted burglary in the second degree is a lesser included offense of attempted burglary in the first degree, then the appellant’s conviction was proper because the lesser offense would be included in the indictment for the greater offense. § 13A-1-9, Code of Alabama 1975. Therefore, we must decide whether, under the evidence presented in this ease, attempted burglary in the second degree was a lesser included offense of attempted burglary in the first degree. If it is not, then the court improperly charged the appellant with a new offense.
This court held in Scott v. State, 570 So.2d 813 (Ala.Cr.App.1990), that burglary in the second degree can be, but is not necessarily, a lesser included offense of burglary in the first degree, depending upon the specific facts of the case. The defendant in Scott entered the bedroom of a woman’s house in the course of committing the burglary. The structure the appellant in this case was charged with attempting to burglarize was not a dwelling, but rather the structure housing a business, Suburban Gas Company.
The Alabama Supreme Court, in Ex parte Jordan, 486 So.2d 485 (Ala.1986), made it clear that when one is analyzing statutes to determine whether an offense is a lesser included offense, it is important to take into account the specific facts in each case.
For second degree burglary to be a lesser included offense of first degree burglary, the offense must meet the definitional requirements of § 13A-1-9, which states in part:
“(a) A defendant may be convicted of an offense included in an offense charged. An offense is an included one if:
“(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; or
“(2) It consists of an attempt or solicitation to commit the offense charged or to commit a lesser included offense; or
“(3) It is specifically designated by statute as a lesser degree of the offense charged; or
“(4) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interests, or a lesser kind of culpability suffices to establish its commission.” ■
The original indictment charging the appellant with burglary in the first degree stated that he did “knowingly and unlawfully attempt to enter or remain unlawfully in a dwelling of Suburban Gas Company.” (Emphasis added.) In Foreman v. State, 546 So.2d 977 (Ala.Cr.App.1986), this court concluded that “the legislature intended that the term ‘dwelling’ be construed narrowly to encompass only those areas ‘normally used for sleeping, living, or lodging’.... ” Unlike Scott, the evidence in this ease showed that the structure housing Suburban Gas Company was not a dwelling but a business and that it was not used for overnight sleeping on a regular basis. Given the specific facts of this case, the charge of attempted burglary in the second degree would require proof of other facts than those that would prove attempted burglary in the first degree (that the appellant attempted to enter a “building”). Therefore attempted burglary in the second degree is not and cannot be a lesser included offense of attempted burglary in the first degree under the facts presented by this case.
The trial court erred in amending the indictment, in CC-95-303, to charge the appellant with attempted burglary in the second degree.
II
 The appellant also contends that there was not sufficient probable cause to support his arrest without an arrest warrant. Officer Joe Frank Easterling, a criminal investigator with the Bessemer Police Department, testified that he received a telephone call from the appellant’s grandmother informing him that the appellant was living in the apartment over her -garage. The appellant’s grandmother gave Easterling and other officers a key; to the garage apartment. Even though the appellant lived in the apart *56 ment, the grandmother was the owner and gave her permission to the police to enter.
“This warrantless search falls within one of the well established exceptions to the requirements of both a warrant and probable cause, for it is a search that was conducted pursuant to consent. See Sckneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S.Ct. 2041, 2043, 36 L.Ed.2d 854 (1973). In order for the consent to be valid, the person giving the consent must have the authority to do so. Stoner v. California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964). Permission may be obtained from ‘a third party who possesses common authority over or other sufficient relationship to the premises or effects sought to be inspected.’ United States v. Matlock, 415 U.S. 164, 171, 94 S.Ct. 988, 993, 39 L.Ed.2d 242 (1974).”
Daniels v. State, 534 So.2d 628, 653 (Ala.Cr.App.1985), aff'd. 534 So.2d 656 (Ala.1986), cert. denied, 479 U.S. 1040, 107 S.Ct. 898, 93 L.Ed.2d 850 (1987).
Even if the police had permission to enter the apartment, they still must have had probable cause to arrest the appellant.
“Ala.Code 1975, § 15-10-3(a)(3), states that a police officer may arrest a person without a warrant Svhen a felony has been committed and the officer has reasonable cause to believe that the person arrested committed the felony.’ An officer has reasonable, or probable, cause to make an arrest ‘when, at the time the arrest is made, the facts and circumstances within his knowledge, and of which he has reasonably trustworthy information, are sufficient to lead a prudent person to believe that the suspect is committing or has committed an offense.’ Gord v. State, 475 So.2d 900, 902-03 (Ala.Cr.App.1985). See Manning v. State, 568 So.2d 327 (Ala.Cr.App.1990), and Brannon v. State, 549 So.2d 532 (Ala.Cr.App.1989).”
Ex parte Land, 678 So.2d 224, 238 (Ala.1996). See also Rule 4.1(a), Ala.R.Crim.P.
Officer Brooks saw the appellant inside the gate at Suburban Gas and a stolen Monte Carlo containing property stolen from other businesses was found parked nearby. Also, a billfold containing the appellant’s identification was found in the street near Suburban Gas. In addition, a Datsun automobile registered to the appellant was found parked in the lot behind O.K. Tire and Battery, from which the Monte Carlo was stolen. The police had more than sufficient information to believe that the appellant had committed the crimes with which he was charged.
For the reasons stated above, the judgments in CC-94-1056, CC-94-1059, and CC-95-302, are affirmed. The judgment in CC-95-303 is hereby reversed and the cause remanded to the Circuit Court for Jefferson County for proceedings not inconsistent with this opinion.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
All the Judges concur.