The appellant, Maurice Bullock, was convicted of murder in the Circuit Court of Barbour County, Alabama, and was sentenced to life in prison. The evidence showed that, on March 14, 1996, the appellant went to an apartment he shared with his girlfriend, Lawanda Renee Johns. He knocked repeatedly until Marcus Monroe, who he later learned was Ms. Johns' former boyfriend, let him in. The appellant asked what was going on, found Ms. Johns in another room cleaning, and asked Ms. Johns who Mr. Monroe was and why he was there. Mr. Monroe told the appellant that he had a right to be there. The appellant spoke to Ms. Johns and Mr. Monroe briefly and then went outside to his car. According to the appellant's testimony, Mr. Monroe stood in front of him when he started to go to his car, but the appellant stepped around Mr. Monroe and left the apartment without any difficulty. The appellant then went to his car and, according to his own testimony, loaded the gun he had been carrying when he entered the apartment the first time. He returned to the apartment with the loaded gun. The three of them discussed their situation, with the appellant trying to determine whether Ms. Johns was going to be dating him or Mr. Monroe. Mr. Monroe told the appellant that he and Ms. Johns were getting back together and insisted that he had a right to be at the apartment. There was conflicting testimony as to whether Ms. Johns confirmed Mr. Monroe's statement. Finally, the appellant pulled out the gun, pointed it at Mr. Monroe, and pulled the trigger. The gun clicked, but it did not fire. Then, according to the appellant, Ms. Johns grabbed the gun and shot Mr. Monroe. According to Ms. Johns, the appellant shot Mr. Monroe. Marcus Monroe died as a result of the gunshot wound. Later, while awaiting *Page 67 
trial, the appellant wrote Ms. Johns a letter about what he had done.
The appellant's only argument on appeal is that the trial court erred in refusing to instruct the jury on manslaughter as a lesser included offense. When the appellant's counsel orally requested an instruction on manslaughter at the charge conference, the trial court refused to give the charge, stating as follows:
 " 'I didn't do it'? If he got up there and said, you know, 'I was mad and I couldn't help myself, and he ran all over me,' then that is fine. That is the bad part, but he got up there and said, 'I didn't do it.' So there is no basis for the charge."
The record does not show that the appellant objected at the charge conference when the trial court refused to give the requested manslaughter instruction or after the oral charge was given. In fact, after the oral charge was given, the trial court asked if the parties were satisfied with the charges. The appellant stated that he was "satisfied." Rule 21.2, Ala.R.Crim.P., provides as follows:
 "No party may assign as error the court's giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."
To preserve for appeal the trial court's refusal to give a requested charge, the party requesting the charge must object to the court's refusal to give the instruction and must state with particularity the grounds for the objection. Hardeman v.State, 651 So.2d 59 (Ala.Cr.App. 1994); Booker v. State,645 So.2d 355 (Ala.Cr.App. 1994); Corbin v. State, 551 So.2d 429
(Ala.Cr.App. 1989). Because the appellant did not object to the court's refusal to give the requested charge at the proper time, the issue was not preserved and there is nothing for this court to review. Kilpatrick v. State, 602 So.2d 465
(Ala.Cr.App. 1992); Norsworthy v. State, 542 So.2d 950
(Ala.Cr.App. 1989).
Even if the issue had been preserved, it is without merit. The court specifically stated that there was no basis for the manslaughter charge. Although the fact that a defendant denies committing an act is not necessarily a bar to giving a charge on a lesser included offense, a trial court may properly refuse to give a charge on a lesser included offense if, in the judicial mind, there is no evidence to bring the act within the definition of the lesser offense. Daly v. State, 442 So.2d 143
(Ala.Cr.App. 1983); Dill v. State, 600 So.2d 343 (Ala.Cr.App. 1991), aff'd, 600 So.2d 372 (Ala. 1992), cert. denied,507 U.S. 924, 113 S.Ct. 1293, 122 L.Ed.2d 684 (1993); Chavers v. State,361 So.2d 1106 (Ala. 1978). The evidence showed that the appellant's actions were deliberate and not unintentional. Also, the shooting did not occur in the heat of passion because the appellant, Ms. Johns, and the victim had been talking for some time before the shooting occurred. Because this is not a case where the appellant found his spouse committing adultery or where he was assaulted or threatened with imminent assault, the evidence was not sufficient to support the contention that the appellant was legally provoked and that the offense was committed in the heat of passion. Harris v. State, 683 So.2d 26
(Ala.Cr.App. 1996); Speake v. State, 610 So.2d 1238
(Ala.Cr.App. 1992). Therefore, the trial court did not err in refusing to give the charge on manslaughter as a lesser included offense.
AFFIRMED.
All the Judges concur.