COBB, Judge,
concurring in the rationale in part and concurring in the result.
I concur with the majority as to all issues in its unpublished memorandum, ex *663 cept for Issue IV, with which I concur in the result only, for the reasons set forth below.
Many of my special writings in the cases decided by this Court are prompted by my perception that the rules of preservation are applied too strictly and that this Court sometimes holds that an appellant has failed to preserve an'issue for our review when, I believe, it is clear that the trial court understood the objection being made. See, e.g., Young v. State, 890 So.2d 1108 (Ala.Crim.App.2004)(Cobb, J., concurring in part and concurring in the result); Haskins v. State, 883 So.2d 1273 (Ala.Crim.App.2003)(Cobb, J., concurring in the result); Coleman v. State, 870 So.2d 766 (AIa.Crim.App.2003)(Cobb, J., concurring in part and concurring in the result in part). My willingness to find that an objection has preserved an issue and to reach that issue on appeal has its limits, however.
As to Tracy Lee Booker’s claim that the trial court erred when it allowed the State to play the videotape that displayed Booker invoking his constitutional right to remain silent, the majority finds that defense counsel’s comments were not sufficient to preserve the issue for review. I agree. When the prosecutor informed the court that she intended to play the videotape for the jury, and that it included “the statement where the defendant is declining his constitutional right to make any kind of statement” (R. 163), defense counsel responded, ‘Tour Honor, I would appreciate it if the prosecution could correct that to the true statement of law. He didn’t deny his constitutional rights. He exercised his constitutional rights not to make a statement without representation of counsel.” (R. 163.) The prosecutor stated, “I stand corrected. That is not the purpose for the video.” The court stated, “Thank you. Play your tape.”
The record thus clearly supports the majority’s determination that Booker did not preserve this issue for review. The majority then addresses the Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), claim in the alternative, finding that even if it were-preserved for review, the error would have been harmless. I do not disagree with this alternative holding.
The majority’s analysis continues, “Although Booker maintains that the State’s use of the videotape constituted a Doyle violation, our examination of the record leads us to conclude that Booker’s comment more closely resembles a request for questioning to cease until such time as he is able to consult an attorney.” The majority then discusses the introduction of the videotape in context of a possible violation of Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). I disagree with any discussion of Edivards. Defense counsel did not raise or argue an Edwards violation in the proceedings on the motion for new trial and appellate counsel does not cite Edwards in his brief on appeal. The discussion of Edwards is, therefore, unnecessary. Accordingly, as to Issue IV, I concur in the result only.