Lucas Benjamin Burger was charged in an indictment with two counts of assault in the second degree, under § 13A-6-21(a)(4), Ala. Code 1975. His mother, Sheila L. Burger, was charged in a separate indictment with one count of assault in the second degree, also under § 13A-6-21(a)(4). All three charges arose from altercations that occurred at the Shelby County courthouse after a municipal court judge found Lucas Burger guilty of an unrelated offense. The Burgers' cases were consolidated for trial, and the jury found Lucas Burger guilty of the lesser-included offense of assault in the third degree on count I and found him guilty of assault in the second degree on count II. They found Sheila Burger guilty of assault *Page 588 
in the second degree. The trial court sentenced Lucas Burger to nine months and nine years, respectively, for his two convictions and ordered that the sentences were to run concurrently. The court split the nine-year sentence and ordered Lucas Burger to serve two years in confinement, followed by five years on probation. The court sentenced Sheila Burger to six years' imprisonment.
 I.
The Burgers contend that the indictments returned against them were insufficient to properly inform them of the charged offenses. More specifically, they argue that the indictments were fatally deficient because they failed to allege that the Burgers "intentionally" caused physical injury to the victims.
The indictment against Lucas Burger read:
"LUCAS BENJAMIN BURGER . . .
"COUNT I
 "did on or about October 17, 2000, with intent to prevent a peace officer, to-wit: Lt. Sherwood Florence of the Pelham Police Department, from performing a lawful duty, did cause physical injury to Lt. Sherwood Florence, by hitting him about his body, in violation of Section 13A-6-21(a)(4) of the Code of Alabama. . . .
"COUNT II
 "Lucas Benjamin Burger did on or about October 17, 2000, with intent to prevent a peace officer, to-wit: Officer Tom Walker of the Pelham Police Department from performing a lawful duty, did cause physical injury to Officer Tom Walker, by hitting him in the face and eye with his fist, in violation of Section 13A-6-21(a)(4) of the Code of Alabama. . . ."
The indictment against Sheila Burger read:
"SHEILA L. BURGER . . .
 "did on or about October 17, 2000, with intent to prevent a peace officer, to-wit: Officer Tom Walker of the Pelham Police Department from performing a lawful duty, did cause physical injury to Tom Walker by kicking him, in violation of Section 13A-6-21(a)(4) of the Code of Alabama. . . ."
Section 13A-6-21, Ala. Code 1975, provides, in pertinent part:
 "(a) A person commits the crime of assault in the second degree if the person does any of the following:
". . . .
 "(4) With intent to prevent a peace officer, as defined in Section 36-21-60, or emergency medical personnel or a firefighter from performing a lawful duty, he or she intends to cause physical injury
and he or she causes physical injury to any person."
(Emphasis added.) In Ex parte Lewis, 811 So.2d 485, 489 (Ala. 2001), the Alabama Supreme Court reversed the defendant's conviction for assault in the second degree under §13A-6-21(a)(4) because the indictment did not include the "essential element" of intent to cause physical injury. Here, as in Lewis, the indictments were insufficient to charge assault in the second degree because the element of intent to cause physical injury was left to inference.
Assault in the third degree is defined in § 13A-6-22, Ala. Code 1975. The relevant portion of the statute provides:
 "(a) A person commits the crime of assault in the third degree if:
". . . . *Page 589 
 "(4) With intent to prevent a peace officer from performing a lawful duty, he causes physical injury to any person."
The indictments charging the Burgers tracked the language of the statute and therefore were sufficient to charge both of the defendants with assault in the third degree. Lucas Burger's conviction and sentence on count I therefore were proper. His conviction on count II and Sheila Burger's conviction must be reversed and those cases remanded to the trial court for that court to enter judgments on the lesser offense and to resentence the defendants accordingly.
 II. A.
Sheila Burger contends that the trial court erred in denying her motion for a judgment of acquittal because, she says, the State failed to prove that Officer Tom Walker had sustained a "physical injury." She argues that this case is similar to Goodev. State, 408 So.2d 198, 199 (Ala.Crim.App. 1981), in which the victim was stabbed in the arm with a pencil and testified "simply that `it hurt.'" This court reversed Goode's conviction of assault in the third degree because there was no evidence of physical impairment and the testimony of the victim "show[ed] that the pain inflicted was not substantial." Id. Section13A-1-2(12), Ala. Code 1975, defines "physical injury" as "[i]mpairment of physical condition or substantial pain." Officer Walker testified that Sheila Burger kicked him three times in the shins while they were in the courtroom and that she "stomped [his] right foot with her left foot as hard as she could" after she was taken outside. He said that the stomp "caused a great deal of pain" and that he reported the pain when he was examined at the emergency room. Officer Ricky King testified that Walker gave a "jerk-back reaction" when he was stomped, "like I would react when I hit my hand or thumb with a hammer."
This court must view the evidence in the light most favorable to the State. Cumbo v. State, 368 So.2d 871 (Ala.Crim.App. 1978). Here, the testimony of the two officers was sufficient to establish that Officer Walker had suffered "physical injury." This court has held that the definition of physical injury includes a "black eye," South v. City of Mountain Brook,688 So.2d 292, 297 (Ala.Crim.App. 1996); a "busted lip" and "skint nose," Eubanks v. State, 611 So.2d 448, 450 (Ala.Crim.App. 1992); and several kicks in the groin that "hurt for a second,"Striplin v. City of Dothan, 607 So.2d 1285, 1287 (Ala.Crim.App. 1992).
 B.
Sheila Burger also contends that Officer Walker was not "performing a lawful duty" when he sustained the blow to his foot because he testified that she committed the assault "[a]fter exiting the courtroom doors." She argues that once she was removed from the courtroom, Officer Walker had completed his assigned duties and that he was no longer acting within the scope of his employment. She also argues that the "excessive force" he used cannot be regarded as the performance of a lawful duty.
Sheila Burger's claim that Walker was not performing a lawful duty is refuted by the record. The municipal judge testified that before Sheila Burger left the courtroom, he placed her under arrest for contempt of court and asked that she be "escort[ed] to jail." Officer Walker was in the process of carrying out this order when the assault occurred outside the courtroom. With regard to the degree of force, Walker testified that the force he *Page 590 
used was not excessive. Conflicting evidence is a jury question, and its verdict on such a question will not be disturbed on appeal. Snell v. State, 715 So.2d 920 (Ala.Crim.App. 1998).
 III.
The Burgers contend that the trial court erred in denying their requested jury "charge" on the lesser-included offense of resisting arrest. They argue that they were entitled to a charge on resisting arrest because, they say, there was a reasonable theory from the evidence that they resisted arrest without causing physical injury to the officers. They argue that the "detailed discussion" of Crear v. State, 591 So.2d 530
(Ala.Crim.App. 1991), which occurred during the charge conference, was sufficient to preserve this issue for appellate review.
"No party may assign as error the court's giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless the party objects thereto before the jury retires to consider its verdict, stating the matter to which he or she objects and the grounds of the objection." Rule 21.3, Ala. R.Crim. P. When a defendant "clearly objects at the charge conference to the trial court's refusal to give a written requested charge and states specific reasons for that objection, he is not required to renew his objection at the close of the oral instructions to preserve that issue for appellate review." Molton v. State,651 So.2d 663, 666 (Ala.Crim.App. 1994). However, if a defendant does not object to the court's refusal to give a requested charge at the proper time, the issue is not preserved and there is nothing for the appellate court to review. Bullock v. State, 697 So.2d 66
(Ala.Crim.App. 1997). An objection that merely asserts that refused charges are correct or accurate statements of law does not "state with particularity" the grounds of the objection.Connolly v. State, 539 So.2d 436, 438 (Ala.Crim.App. 1988). Merely reciting the substance of a refused charge also is insufficient to satisfy the particularity requirement of Rule 21.3. Hardeman v. State, 651 So.2d 59 (Ala.Crim.App. 1994).
The record in the present case is unclear because the Burgers labeled their requested charges with one set of numbers when they were filed and a different set of numbers when they were introduced at trial.[1] It appears that they submitted a total of five charges on resisting arrest: Charge no. 3/exhibit no. 11; charge no. 4/exhibit no. 13; charge no. 5/exhibit no. 14; charge no. 6/no exhibit number indicated; and charge No. 7/exhibit no. 16. They have not identified the charge that is the subject of the present appeal by its charge number or its exhibit number, and the trial transcript reveals that they cited the decision in Crear in discussing both charge no. 6 and charge no. 7. Their discussion did not include a specific objection with regard to either charge.
In their discussion of charge no. 3, charge no. 4, and charge no. 5, the appellants again failed to state specific objections. Furthermore, as grounds, they simply recited these charges and asserted that they were correct statements of the law. After the court had completed its oral charge, defense counsel objected to the court's failure to give "our proffered jury instructions numbered — I don't remember what the numbers are 10 through 18, I think, or whatever the appropriate numbers are. I believe it to be 10 through 18." It is clear from the record that the Burgers *Page 591 
failed to state a proper objection either during or after the charge conference.[2] Therefore, the issues were not preserved for review on appeal.
 IV.
The Burgers contend that the trial court erred in refusing to give their requested charge on self-defense. They argue that they were entitled to this charge because, they say, there was evidence indicating that they acted to stop what they believed was unlawful physical force being used on Sheila Burger. They also argue that their "prior detailed discussion" was sufficient to preserve this issue for appellate review.
The Burgers labeled the charge on self-defense as charge no. 1/exhibit no. 10. They discussed this charge at the charge conference, but they did not specifically object to the court's failure to give it or state a particular ground. After the oral charge, defense counsel stated a general objection to the court's failure to give charges "10 through 18," as heretofore noted. The discussion and general objection were insufficient to preserve this issue for review on appeal. See Rule 21.3, Ala. R.Crim. P.;Bullock v. State, 697 So.2d 66 (Ala.Crim.App. 1997). The Burgers presented a more specific argument regarding self-defense at the hearing on their motion for a new trial. However, even if this argument had been sufficient to state a specific objection, it was untimely. Therefore, the Burgers failed to preserve this issue for appellate review.
The conviction and sentence of Lucas Benjamin Burger is affirmed as to count I, assault in the third degree. His conviction as to count II, assault in the second degree, is reversed and the conviction of Sheila L. Burger for assault in the second degree is also reversed; however, this cause is remanded to the trial court with instructions to enter a judgment on the lesser-included offense of assault in the third degree for Sheila L. Burger and for Lucas Benjamin Burger's conviction as to Count II, and to resentence them accordingly.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.
[1] Defense counsel stated: "These [requested charges] are not necessarily marked in any particular order, but just as they're stacked up here."
[2] The Burgers also failed to object in their motion for a new trial and at the hearing on that motion to the court's refusal to charge on resisting arrest. Furthermore, even if they had objected, their objection would have been untimely. *Page 1142