On Application for Rehearing

WELCH, Judge.
On November 21, 20Í4, this Court issued an opinion reversing Steven Paul Morris’s conviction and sentence. We now withdraw that opinion and substitute the following therefor.
Steven Paul Morris was convicted of first-degree burglary, a violation of § 13A-7-5, Ala. Code 1975. He was sentenced to 240 months in prison.[1]
The evidence presented at trial disclosed the following.' Cortney[2] Burns and Morris were involved in a romantic relationship for approximately d year before Burns broke off the relationship. According to *1258 Burns, Morris had become mentally, verbally, and physically abusive in the months leading up to the breakup. Morris, who had been living with Burns in a mobile home, would often disappear for days at a time. After the couple ended them relationship, Morris moved out of the mobile home. The couple, however, maintained contact, mostly by telephone. In May 2013, Burns was injured in a car accident, and Morris came to the mobile home to check on Burns. While at the mobile home, Morris saw text messages from other men on Burns’s cellular telephone and became upset. He struck Burns three times in the back of the head. Morris left the mobile home, and Burns telephoned the police.
On May 31, 2013, three days after the incident described above, between 1:30 a.m. and 2:30 a.m., Morris entered Burns’s mobile home through an air vent in the floor. Burns, who had been asleep in the recliner in the living room, demanded that Morris leave. Morris refused. Burns, upset and afraid, dialed emergency 911 on her cellular telephone and placed the telephone in her pocket. The call became disconnected, and the emergency operator telephoned Burns. Morris grabbed the telephone from Burns and told the emergency operator that Burns was not there. Nevertheless, police officers were dispatched to Burns’s residence. Morris became angry at Burns for calling emergency 911. Morris yelled and screamed at Burns. Burns sat in her recliner as Morris walked into the kitchen and got a knife. Morris stood in front of Burns, pointing and shaking the knife, while screaming and cursing at Burns for calling emergency 911. Burns testified that she felt threatened and that she was afraid that Morris would hurt her. When police vehicles approached the mobile home, Morris, seeing their headlights, climbed out the bedroom window, taking Burns’s cellular telephone and the knife with him. Morris was apprehended later that morning in the woods nearby.
Morris testified that he had entered the mobile home on the night of May 31, 2013, when Bums let him in through the sliding-glass door. Morris admitted that he had picked up a knife from the kitchen, but he testified that he had not threatened Burns with the knife.
At the conclusion of the evidence the jury returned a verdict of guilty of first-degree burglary.
On appeal, Morris contends that the trial court erred in refusing to give the jury an instruction on second-degree burglary as a lesser-included offense to the offense of first-degree burglary.
“ ‘It has long been the law in Alabama that a [circuit] court has broad discretion in formulating jury instructions, provided those instructions are accurate reflections of the law and facts of the case.’ Culpepper v. State, 827 So.2d 883, 885 (Ala.Crim.App.2001) (citing Knotts v. State, 686 So.2d 431, 456 (Ala.Crim.App.1995)). The circuit court’s broad discretion, however, is fettered by a defendant’s ‘right to have the court charge on the lesser offenses included in the indictment, when there is a reasonable theory from the evidence supporting his position.’ Jones v. State, 514 So.2d 1060, 1063 (Ala.Crim.App.1987) (citing Wiggins v. State, 491 So.2d 1046 (Ala.Crim.App.1986); Chavers v. State, 361 So.2d 1106 (Ala.1978); and Fulghum v. State, 291 Ala. 71, 277 So.2d 886 (Ala.1973)).”
Barrett v. State, 33 So.3d 1287, 1288 (Ala.Crim.App.2009).
The State argues that this issue was not preserved for appellate review. The record indicates that after the trial *1259 court denied his motion for a judgment of acquittal, Morris asked for an instruction on second-degree burglary:
' “[DEFENSE COUNSEL]: Judge; I will say that I am going to request the lesser-included charge of burglary in the second degree. And under Title 13A-7-6~(b), which is burglary in the second degree, it says the difference between first degree and burglary second degree is the issue of whether or not the defendant threatens the alleged victim with the immediate use of a deadly weapon, not that the victim is terrified.
“THE COURT: Burglary in the first degree is intended to preserve human life and not merely property.
“[DEFENSE COUNSEL]: Sir?
“THE COURT: I said burglary in the first degree is intended to preserve human life and not merely property. ’ And that statute recognizes inherent danger to human life regardless of the time of day or night when it was occurring under life endangering circumstances. A threat could be expressed or implied.
“Accordingly, the Court is going to charge on burglary first degree only and does not intend to charge on burglary in the second or third, as lesser-included offenses. All right.”
(R. 130-131.)
After the defense rested it case, the following occurred:
“[DEFENSE COUNSEL]: I’ll renew my motion for judgment .of acquittal. Again, the issue.for whether- or not he’s guilty of burglary in the first degree, is whether or not he threatened the alleged victim with immediate use of a deadly weapon. He testified he did not. Whether he did or did not will be a jury question. If - the jury believes the State’s witness, so be it. But that is- a jury question, Your Honor. And we are entitled — if the Court does not grant our motion, then, we are entitled, Judge, to a lesser-included — or a requested lesser-included offense of burglary in the second degree.
“Judge, you heard my argument why burglary in the second degree—
“THE COURT: The Court ruled on that, [defense counsel].
’“[DEFENSE COUNSEL]: Can I just remind the Court, Judge, of Title 13A — 1—9(a)(1) that states a defendant may be convicted of an offense included in an offense charged if it is established by proof of the same.
“THE COURT:. I realize that. And there are several cases. But it is not relevant in this situation. And I’m not going to give a charge on a lesser-included offensé.
“[DEFENSE -COUNSEL]: Yes, sir.
“[PROSECUTOR]: Just to clear up the record, what [defense counsel] was stating in the statute that he was stating as far as a lesser-included, I believe was Subsection B of burglary second.
“THE COURT: It is Subsection B as added by the Legislature to that specific statute.
“[PROSECUTOR]: Right. . Which means if they believe he unlawfully entered or remained , in an occupied building with intent to commit a crime and there was no force or anything used, I think that is what he was going after as far as a lesser-included. You know, I guess they could say there was no force or weapon used and they could logically conclude that. But I don’t know if it would necessarily be .encompassed as a lesser-included. .
“THE COURT: I’ve ruled on the lesser-included. I understand what he referred to. The Subsection B was added *1260 by the Legislature after that statute. Thank you. Your motion is denied.”
(R. 173-74.)
The next morning, before the jury entered the courtroom, the trial court asked the parties if they had any motions. Defense counsel stated: “Only to renew my request for lesser-included, Your Honor.” (R. 178.) The trial, court responded: “As I said before in ruling on the lesser-included, I did not find the evidence in this pase justified the inclusion of second-degree charge. Accordingly, I am not going to give it. And your motion again is denied.” (R. 179.) The trial court subsequently instructed the jury, after which both parties stated that they were satisfied with the instructions.
In Molton v. State, 651 So.2d 663 (Ala.Crim.App.1994), this Court held that when, at the charge conference, a defendant clearly objects to the trial court’s refusal to give a requested instruction and states specific reasons for that objection, the defendant is not required to renew his or her objection at the close .of the oral instructions to preserve that issue for appellate review. Here, Morris requested the jury instruction" on more than one occasion and stated his grounds for the request." The issue was sufficiently brought to the trial court’s attention, and it was not necessary in this circumstance for Morris to object to the trial court’s refusal to give the instruction nor was it necessary, to preserve this issue, for Morris to object further after the trial court had instructed the jury. To require him to do so; would, as this Court has stated on numerous occasions, elevate form over- substance.
In its application for rehearing, the State contends that this Court erroneously concluded that Morris preserved his claim for review. Specifically, the State claims that
“[d]espite the requirement of Rule 21.3 of the Alabama Rules of Criminal Procedure that an objection to the court’s refusal to give the instruction is necessary to preserve the issue for appellate review, this Court essentially, holds merely requesting the instruction is sufficient and no objection is necessary. In addition, based on the court’s opinion, the defendant’s announcement at the close of the court’s oral charge that he is ‘satisfied’ also , does not render the court’s refusal to give the instruction unpreserved.”
(State’s brief on rehearing, p. 3-4.) • The State acknowledges that “there was discussion amongst the attorneys and judge about whether a second degree burglary instruction would be given,” but, citing Burger v. State, 915 So.2d 586 (Ala.Crim.App.2005), argues that, in order to preserve the issue for appellate review, Morris was required to object when the court stated it would not give the instruction. (State’s brief on rehearing, p. 6.) The State also contends that this Court based its holding on the holding in Molton v. State, 651 So.2d 663 (Ala.Crim.App.1994), and that Molton does not hold that an objection to the trial court’s refusal to give a requested jury instruction is'unnecessary, which the State argues" is essentially what this Court held in this case. In further support of its argument, the State cites, among other cases, Bullock v. State, 697 So.2d 66 (Ala.Crim.App.1997).
The general rule- is that, to preserve- an issue regarding the trial judge’s oral charges to the jury, a party must specifically object before the jury retires to deliberate. See. Rule 21.3, Ala. R.Crim. P. (“No party my assign as . error the court’s ... giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless the party objects thereto before the jury retires to consider its verdict, stating the matter to which he or she *1261 objects and the grounds .of the objection.”). However, this Court has “consistently reviewed issues, though in the technical sense not preserved by a proper objection at trial, where ‘[i]t is clear that the trial court understood the- basis for the objection.’ ” Toles v. State, 854 So.2d 1171, 1175 (Ala.Crim.App.2002), quoting Covington v. State, 620 So.2d 122, 127 (Ala.Crim.App.1993).
The cases upon which the State relies are distinguishable from the present case. In Burger v. State, supra, the defendants requested juiy charges on resisting arrest and self-defense, which the trial court refused. On appeal, the Burgers argued that the trial court erred in refusing the requested instructions; however, this Court found that the claims were not preserved. This Court stated:
“An objection that merely asserts that refused charges are correct or accurate statements of law does not ‘state with particularity’ the grounds of the objection. Connolly v. State, 539 So.2d 436, 438 (Ala.Crim.App.1988). Merely reciting the substance of a refused charge also is insufficient to satisfy the particularity requirement of Rule 21.3. Hardeman v. State, 651 So.2d 59 (Ala.Crim.App.1994).”
Burger v. State, 915 So.2d at 590.
Although this Court stated in Burger that the record indicates that the Burgers failed to state.a proper objection either during or after the charge, conference, the Burger court appears to have based its holding on the fact that the defendants did not make specific arguments regarding the instructions when the instructions were requested.
In Bullock, supra, the defendant requested an instruction on manslaughter at the charge conference. The trial court refused to give the,instruction and stated its reasons for refusing the instruction. Citing Rule 21.3, Ala. R.Crim. P., the Bullock court held that the defendant failed to preserve, his argument that the trial court erred in refusing to give the manslaughter instruction. It appears that in addition to the lack of an objection, in Bullock, no grounds’ in support of the requested charge were made known to the trial court.
Whether a defendant has preserved a claim that the trial court erred in failing to give a requested jury instruction is based on the particular circumstances of that case. In order for the claim to be preserved on appeal, Alabama courts have required either an objection to the trial court’s decision with sufficient grounds stated in support thereof or a discussion regarding the propriety of the instruction. In Williamson v. State, 570 So.2d 722 (Ala.Crim.App.1990), reversed in part on other grounds, 584 So.2d 1289 (Ala.1991), the defendant requested a jury instruction on a lesser-included ■ offense in a discussion held prior to the oral charge. During that discussion, the defendant stated why he thought- the instruction should be given. The trial- court refused to give the instruction, and, on appeal, the State argued that because the defendant announced at the close of the trial court’s oral charge that he was satisfied, the issue was not preserved. This Court held that the issue “was sufficiently brought to the trial court’s attention [during the precharge discussion] and was preserved.” Id. at 723. In Ex parte Hatfield, 37 So.3d 733 (Ala.2009), the Alabama Supreme Court reversed this Court’s judgment based on our conclusion that the appellant’s claim regarding the requested jury instruction was not preserved and stated:
“The purpose of Rule 21.3 is to ensure that requested charges are timely presented to the trial court and supported by sufficient evidence to enable the trial *1262 court to rule correctly. In the present case, the requested instruction on felony murder was timely presented to the trial court and the trial court and counsel discussed whether such a charge was appropriate under the facts of the case. Defense counsel was stating with particularity the grounds to support the request for the jury instruction on felony murder. Chief Justice Cobb’s special writing, while she was serving as a judge on the Court of Criminal Appeals in Coleman v. State, 870 So.2d 766, 768 (Ala.Crim.App.2003)(Cobb, J., concurring in part and-concurring in the result in part), is persuasive on this point:
“‘I believe'that once the trial court heard the defense’s explanation for why it was entitled to the requested charge and then denied the request, .no further discussion on the issue was necessary, to preserve-it for appellate review.; I believe that the discussions preceding the denial were tantamount to, and understood by the trial court to be, an objection should the trial court refuse' to give the requested charge. Otherwise, to follow Rule 21.3, Ala. R.Crim. P., to the letter would require the defense to advise the trial court of its grounds in support of a requested charge, then, should the charge be denied, object and repeat the grounds just offered in order to preserve the . review of the denial on appeal.’ ”
We acknowledge that Hatfield objected during the charge conference to the trial court’s ruling; however, we, too, find former Chief Justice Cobb’s special writing in Coleman persuasive in deciding whether the defendant preserved a similar claim on appeal.
As stated above, Morris requested the jury instruction on more than one occasion and stated his grounds for the request. The issue was sufficiently brought to the trial court’s attention, and it was not necessary in this circumstance for Morris to object to the trial court’s refusal to give the instruction. We also do not find it necessary for Morris to object further after the trial court had instructed the jury. See Molton v. State, 651 So.2d 663, 665 (Ala.Crim.App.1994)(“[T]he trial court had ‘heard everything* at the time of its ruling at the charge conference and it was unnecessary for the appellant to renew his objection to the trial court’s refusal to give the requested charge.”); Williamson, supra.
Having determined that this issue has been properly preserved and is properly before us, we now address the merits.
Section 13A-1-9, Ala.Code 1975, provides, in part:
“(a) A defendant may be convicted of an offense included in an offense charged. An offense is an included one if:
“(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; or
“(2) It consists of an attempt or solicitation to commit the offense charged or to commit a lesser included offense; or
“(3) It is specifically designated by statute as a lesser degree of the offense charged; or
“(4) It differs from the- offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interests, or a lesser kind of culpability suffices to establish its commission.”
Additionally, ‘“[u]nder § 13A — 1—9(b), Ala. Code 1975, a trial judge is not required to instruct on a lesser-inclhded offense “unless there is a rational basis for a verdict *1263 convicting the defendant of the included offense.’”” Harris v. State, 2 So.3d 880, 912 (Ala.Crim.App.2007) (quoting Pilley v. State, 930 So.2d 550, 563 (Ala.Crim.App.2005)). Furthermore, “[a] defendant is entitled to a jury charge only on an applicable lesser-included offense to the offense charged in the indictment. Holladay v. State, 549 So.2d 122, 129 (Ala.Cr.App.1988), aff'd, 549 So.2d 135 (Ala.), cert. denied, 493 U.S. 1012, 110 S.Ct. 575, 107 L.Ed.2d 569 (1989).” Broadnax v. State, 825 So.2d 134, 201 (Ala.Crim.App.2000).
As stated above, Morris was indicted for first-degree burglary under § 13A-7-5, Aa.Code 1975, which provides, in pertinent part:
“(a) A person commits the crime of burglary in the first degree if he or she knowingly and unlawfully enters or remains unlawfully in a dwelling with intent to commit a crime therein, and, if, in effecting entry or while in [the] dwelling or in immediate flight therefrom, the person or another participant in the crime:
[[Image here]]
[[Image here]]
“(3) In effecting entry, is armed with a deadly weapon or dangerous instrument or, while in the dwelling or immediate flight from the dwelling, uses or threatens the immediate use of a deadly weapon or dangerous instrument against another person. The use of or threatened use of a deadly weapon or dangerous instrument does not include the mere acquisition of a deadly weapon or dangerous instrument during the burglary.”
At trial, Morris requested that the trial court instruct the jury on second-degree burglary under § 13A-7-6(b), Aa.Code 1975, as a lesser-included offense. Section 13A-7-6(b) provides:
“In the alternative to subsection (a) of this section, a person commits the crime of burglary in the second degree if he or she unlawfully enters a lawfully occupied dwelling-house with intent to commit a theft or a felony therein.”
In Ward v. State, 701 So.2d 53, 55 (Ala.Crim.App.1996), this Court stated that “burglary in the second degree can be, but is not necessarily, a lesser included offense of burglary in the first degree, depending upon the specific facts of the case.” Here, the State’s evidence in support of first-degree burglary was that Morris entered Burns’s dwelling with the intent to commit the crime of domestic violence and/or theft of property and that, while in the dwelling, Morris threatened Burns by means of his potential immediate use of a knife. However, Morris testified that, after Burns allowed him to enter the dwelling, he merely picked up a kitchen knife, i.e., acquired a knife, and that he did not use or threaten the immediate use of the knife while inside or in flight from Burns’s dwelling. However, he did flee with Burns’s cellular telephone and with the kitchen knife. That testimony, if believed by the jury, is sufficient to establish the elements of second-degree burglary — i.e., that Morris entered a dwelling with the intent to commit a theft of property. Thus, Morris was entitled to have the jury given an instruction on second-degree burglary, regardless of whether the trial court believed the evidence to be “ ‘ “weak, insufficient, or doubtful in credibility. [Citation omitted.]” ’ Quoting Ex parte Chavers, 361 So.2d 1106 (Ala.1978).” Wilkerson v. State, 486 So.2d 509, 514 (Ala.Crim.App.1986) (quoting Ex parte Stork, 475 So.2d 623, 625 (Ala.1985)). See Brown v. State, 737 So.2d 487, 491 (Ala.Crim.App.1999).[3]
*1264 Here, the trial court abused its discretion and committed reversible error when it refused Morris’s request to instruct the jury on the lesser-included offense of second-degree burglary. Therefore, Morris’s conviction for first-degree burglary is reversed, and the cause is remanded to the trial court for proceedings consistent with this opinion.
Application For rehearing OVERRULED; OPINION OF NOVEMBER 21,'2014, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
WINDOM, P.J., and KELLUM, BURKE, and JOINER, JJ., concur.

. The indictment charged Morris with ‘‘knowingly and unlawfully entering] or remain[ing] unlawfully in a dwelling of CORTNEY BURNS, with the intent to commit a crime therein, to wit: DOMESTIC VIOLENCE AND/OR THEFT, while effecting entry or while in the dwelling or in immediate flight therefrom, said defendant did cause or threaten immediate physical injury to CORTNEY BURNS, by use a dangerous instrument, to-wit: A KNIFE in violation of Section 13A-7-5 of the Code of Alabama, against the peace and dignity of the State of Alabama.” (Capitalization in original.)

. This individual's-name is spelled ‘‘Cortney” in the indictment; however, it is spelled "Courtney” at the beginning of her testimony in the record and in the briefs filed on appeal. We use the spelling contained in the indictment in this, opinion.

. No evidence was presented to support finding that Morris had committed felony domes *1264 tic violence while in Burns's dwelling on May 31, 2013. An element of first-degree domestic violence, § 13A-6-130, Ala.Code 1975, a Class A felony, is the commission of first-degree assault, § 13A-6-20, Ala.,Code 1975. An element of second-degree domestic violence, § 13A-6-131, Ala.Code 1975, a Class B felony, is the commission of second-degree assault, § 13A-6-21, Ala.Code 1975. There was no evidence of an assault occurring on May 31, 2013. Third-degree domestic violence is a Class A misdemeanor.